**Carlton A. ROY, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 92–867.**

United States Court of Veterans Appeals.

Sept. 24, 1993.

Eric Olson, was on the brief for appellant.

Robert E. Coy, Acting Gen. Counsel, Norman G. Cooper, Acting Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Leonard J. Selfon, Washington, DC, were on the pleadings for appellee.

Before NEBEKER, Chief Judge, and IVERS and STEINBERG, Judges.

NEBEKER, Chief Judge, filed the opinion of the court, in which IVERS, Judge, joined. STEINBERG, judge, filed a dissenting opinion.

NEBEKER, Chief Judge:

Appellant, Carlton A. Roy, appeals a March 24, 1992, Board of Veterans' Appeals (BVA or Board) decision which dismissed his appeal as untimely. The Secretary filed a motion for summary affirmance. Upon review of the pleadings and the record on appeal, we hold that appellant did not file a timely appeal to the Board, nor did he file a timely request for an extension; accordingly, we affirm the Board's decision.

▪ Appellant reopened his claim for service connection for a psychiatric disability in March of 1989. R. at 12. The Regional Office (RO) granted his request and awarded him a total disability rating on August 1, 1989, with an effective date of March 1988. R. at 16–17. Although appellant filed a Notice of Disagreement (NOD) objecting to the assigned effective date (R. at 18) and was issued a statement of the case (R. at 20–23), he did not file a substantive appeal until September 1990 (R. at 24). The Board found that appellant had not appealed the RO decision within the appro-

priate time limit and accordingly dismissed the appeal.

Appellant argues that his appeal to the Board should be deemed timely filed because the NOD, which was filed on time, comprises the requisite notice of intent to appeal. The Secretary counters that the "formality" of perfecting an appeal to the BVA is part of a clear and unambiguous statutory and regulatory scheme which requires the filing of both an NOD and a formal appeal. The Secretary is correct. Appellate review of an RO decision is initiated by an NOD and *"completed by a substantive appeal* after a statement of the case [SOC] is furnished...." 38 U.S.C.A. § 7105(a) (West 1991) (emphasis added); 38 C.F.R. § 20.200 (1992). The purpose of the NOD is to inform the RO of appellant's disagreement with the decision. Upon receipt of the NOD, the RO will take "such development or review action as it deems proper.... If such action does not resolve the disagreement either by granting the benefit sought or through withdrawal of the notice of disagreement, such agency shall prepare [an SOC]." 38 U.S.C.A. § 7105(d)(1) (West 1991).

After an appellant receives the SOC, he must file a formal appeal within "sixty days from the date the [SOC] is mailed," 38 U.S.C.A. § 7105(d)(3) (West 1991), or within the remainder of the one-year period from the date the notification of the RO decision was mailed, whichever period ends later. 38 C.F.R. § 20.302(b) (1992); *see Rowell v. Principi,* 4 Vet.App. 9, 17 (1993); *Cuevas v. Principi,* 3 Vet.App. 542, 546 (1992) (where claimant did not perfect appeal by timely filing substantive appeal, RO rating decision became final). By regulation, this formal appeal must consist of either a Department of Veterans Affairs (VA) Form 1–9, or correspondence containing the necessary information. 38 C.F.R. § 20.202 (West 1992). The formal appeal permits the appellant to consider the reasons for an adverse RO determination, as explained in the SOC, and to formulate and present "specific arguments relating to errors of fact or law" made by the RO. *Id.; see* 38 U.S.C.A. § 7105(d)(3).

■ Here, appellant admittedly did not file a timely formal appeal. Accordingly, he is statutorily barred from appealing the RO decision. This time·barrier may be extended for good cause, however, under 38 U.S.C.A. § 7105(d)(3):

> The claimant will be afforded a period of sixty days from the date the statement of the case is mailed to file the formal appeal. This may be extended for a reasonable period on request for good cause shown.

38 U.S.C.A. § 7105(d)(3); *see* 38 C.F.R. § 20.303 (1992). Appellant argues, therefore, that although the formal appeal was filed after the deadline, he had good cause for doing so: (1) Walter Johnson, a team leader at the Veteran's Center in Kona, Hawaii, who was handling the veteran's appeal, abruptly left the Veteran's Center; and (2) appellant's lack of knowledge of the appellate process, coupled with his psychiatric condition, prevented him from complying with the congressionally mandated timely filing requirements and perfecting his appeal.

The accompanying regulation, applicable at the time of appellant's efforts to appeal, provided, however, that

> An extension of the 60–day period for filing a substantive appeal or the 30–day period for responding to a supplemental statement of the case may be granted for good cause shown. A request for such an extension should be in writing and *must be made prior to expiration of the time limit for filing the substantive appeal.*

38 C.F.R. § 19.130 (1990) (emphasis added) (recodified at 38 C.F.R. § 20.303). Here, appellant did not file a request for an extension of time within the applicable time period. Since the regulation requires that a request be in written form and received prior to the expiration of time for the filing of a substantive appeal, the Board did not err in finding that a substantive appeal of the issue of entitlement to an earlier effective date for service connection for post-traumatic stress disorder was not timely filed.

Our dissenting colleague offers two contrary arguments. First, given the Court's decision in *Rowell, supra,* the case should be remanded for the Board to consider whether to exercise its discretion not to dismiss the·appeal based on the belated 1–9 form. In *Rowell,* however, the appellant submitted numerous requests for extensions of time within the applicable time period. Although he ultimately filed his appeal after the prescribed due date, the Board, we held, implicitly waived the timely filing requirement. Such an implicit conclusion attributed to the RO and the Board is hardly the stuff from which we can draw a conclusion that the RO or the Board generally, and in all cases, has discretion to waive the express provisions of section 20.-303 (*supra*). Indeed, there would be no principle basis or criteria for the exercise of such discretion and for this Court to review such an exercise. Since the Secretary has limited the power to grant an extension by the provisions of section 20.-303 for this explicit 60–day period, any argument that the *Rowell* language be ranked among precedents described in *Bethea v. Derwinski,* 2 Vet.App. 252 (1992), *infra,* places much too much reliance on the lack of an assertion by the Secretary that there was a jurisdictional defect in the proceedings. Here, appellant did not file a request for extension within the applicable time period required by section 20.303. Secondly, the *Rowell* decision did not address the provisions of section 20.303, *requiring* that a request for extension be made prior to the expiration of the applicable time limit.

The dissent next argues that 38 C.F.R. § 3.109(b), *infra,* conflicts with 38 C.F.R. § 20.303, and implies that the former regulation should control. We respectfully disagree. Section 3.109(b) applies broadly to the "perfecting" of claims or "challenges" to adverse VA decisions; it does not address "perfecting" of appeals. Section 20.-303, conversely, applies specifically to the filing of a 1–9 appeal. These two regulations do not conflict; rather, one is general and the other, specific. A familiar tool of statutory construction is the "principle that a more specific statute will be given prece-

dence over a more general one...." *Busic v. United States*, 446 U.S. 398, 404, 100 S.Ct. 1747, 1751, 64 L.Ed.2d 381 (1980); *Preiser v. Rodriguez*, 411 U.S. 475, 489–90, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973). A contrary view as to a regulatory scheme promulgated under statutory authority would make no sense. Section 20.303, accordingly, takes precedence, and the Board did not err in applying it.

As to appellant's request that we address whether the effective date is a product of "clear and unmistakable error," that issue was not adjudicated by the Board and is, therefore, not before us. *See Russell v. Principi*, 3 Vet.App. 310, 315 (1992).

Accordingly, the Board decision is AFFIRMED.

STEINBERG, Judge, dissenting:

I respectfully dissent from the Court's affirmance of the decision of the Board of Veterans' Appeals (BVA or Board). I also disagree with aspects of the Court's analysis.

### A. The Result

Rather than affirm the Board's decision dismissing the appeal to it as untimely, I would remand the matter to the Board to readjudicate that question in light of the Court's precedential opinion in *Rowell v. Principi*, 4 Vet.App. 9, 16–18 (1993), and to reconcile conflicting regulations of the Department of Veterans Affairs (VA) at 38 C.F.R. § 3.109(b) and § 20.303 (1992).

*i. Change in Law:* The law as to the legal incidents of timely filing of a formal appeal to the BVA (VA Form 1–9) [hereinafter 1–9 Appeal] under 38 U.S.C.A. § 7105(d)(3) (West 1991) changed while this case was on appeal. The Board made its decision in *Roy* on March 24, 1992. On February 9, 1993, this Court decided *Rowell*, holding that the timely filing of a 1–9 Appeal (within 60 days after the statement of the case (SOC) is mailed to a claimant by the VA regional office (RO)) is not "jurisdictional" as to the Board's authority to decide a case—as is the timely filing of a Notice of Disagreement (within one year after the Board's mailing of its decision to

a claimant)—and that, therefore, the requirement of a timely 1–9 Appeal may be waived by a VA regional office (RO) or the Board. *Rowell*, 4 Vet.App. at 17. The Court there concluded:

Statutory section 7105(d)(3) and regulation § 19.124 (replaced by § 20.302(b)) provide that an RO may close an appeal for failure to respond to the SOC. However, the statute and regulations do not require an RO to close a claim in that situation; nor do they provide that the claim will become final if the claimant fails to file a timely 1–9 Appeal.

*Ibid.* (Emphasis in original.)

Here, the Board's decision shows that it felt compelled under the law to dismiss the appeal because the 1–9 Appeal was filed approximately 90 days late and no formal request for an extension of time had been received prior to the end of the 60–day period generally provided for filing a 1–9 Appeal. In *Rowell*, the Court sustained an implicit waiver by the RO and Board of the timely filing of a 1–9 Appeal where it was filed 55 days after the prescribed due date. In the instant case, the Board should be directed to determine whether it wishes to exercise its discretion under *Rowell* not to close a claim where the 1–9 Appeal is not timely filed.

The majority asserts that *Rowell* is factually distinguishable from the instant case because "[i]n *Rowell* ... the appellant submitted numerous requests for extensions of time within the applicable time period." *Ante* at 556. However, the majority goes on to note that "[a]lthough he [Rowell] ultimately filed his appeal after the prescribed due date, the Board, we held, implicitly waived the timely filing requirement." *Ibid.* Because, as the majority concedes, the claimant in *Rowell* failed to file a timely 1–9 Appeal within the period prescribed by law, or within the additional period granted by the RO pursuant to the claimant's timely requests for extensions of time to file, the fact that he had requested such extensions does not provide a a basis for distinguishing *Rowell* from the present case. In both cases, the claimants failed to file a 1–9 Appeal within the period

558

permitted by law or within any additional period permitted pursuant to a request made prior to the expiration of the time limit for filing. Therefore, the precedential decision of *Rowell*—that an untimely filing of a 1–9 Appeal may be waived by an RO or the Board—is fully applicable to the instant case.

In *Bethea v. Derwinski*, 2 Vet.App. 252, 255 (1992), the Court stated: "Where there is an earlier panel or en banc opinion, we apply a rule that in a subsequent case, a panel or a single judge may not render a decision which conflicts materially with such earlier panel or en banc opinion." In the instant case, the majority's holding that the provisions of 38 C.F.R. § 20.303 (1992) render the provisions of 38 C.F.R. § 3.109(b) inapplicable to the filing of a 1–9 Appeal, under the "principle that a more specific [regulation] will be given precedence over a more general one", conflicts materially with the holding by a panel of the Court in *Rowell* that the RO and BVA are not required to close a claim when a claimant has failed to file a timely 1–9 Appeal and that "because [the RO] appears to have treated [Mr. Rowell's apparently out-of-time] filing as timely, there is no problem, with regard to the timeliness of the filing of the 1–9 Appeal, which would deprive the Board of jurisdiction over this case". *Rowell*, 4 Vet.App. at 17–18.

Although the BVA decision in the instant case was issued prior to the Court's decision in *Rowell*, that sequence provides no basis for refusing to apply the *Rowell* holding here. As to the retroactive effect of precedential judicial decisions, the Supreme Court has stated:

As a rule, judicial decisions apply "retroactively." *Robinson v. Neil*, 409 U.S. 505, 507–508 [93 S.Ct. 876, 877, 35 L.Ed.2d 29] ... (1973). Indeed, a legal system based on precedent has a built-in presumption of retroactivity.

*Solem v. Stumes*, 465 U.S. 638, 642, 104 S.Ct. 1338, 1341, 79 L.Ed.2d 579 (1984) (parallel citations omitted). Furthermore, the U.S. Court of Appeals for the Federal Circuit, in a case involving the question whether "it is error for a court to refuse to apply a rule of federal law retroactively after the case announcing the rule has already done so", has specifically held that " 'when the Court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or *res judicata.*' " *Santa Fe Engineers, Inc. v. Garrett*, 991 F.2d 1579, 1584 (Fed.Cir.1993) (quoting *James B. Beam Distilling Co. v. Georgia*, —— U.S. ——, ——, 111 S.Ct. 2439, 2448, 115 L.Ed.2d 481 (1991) (opinion of Souter, J., announcing the judgment of the Court)); cf. *Hamilton v. Brown*, 4 Vet.App. 528, 539–40 (1993) (Court's jurisdictional holding will be applied retroactively to cases pending on appeal); *Karnas v. Derwinski*, 1 Vet.App. 308, 311–13 (1991) (change in applicable law or regulation will generally be applied retroactively unless unfavorable to claimant).

This Court has consistently applied its precedential rulings retroactively in cases where the BVA decision on appeal was issued prior to the intervening controlling precedent. See, e.g., *Houston v. Brown*, 5 Vet.App. 245, 247 (1993) (Court noted that BVA decision was issued prior to intervening Court precedents in *Hatlestad v. Derwinski*, 3 Vet.App. 213 (1992), and *Thurber v. Brown*, 5 Vet.App. 119 (1993), but remanded for BVA to apply those precedents); *Chipego v. Brown*, 4 Vet.App. 102, 104 (1993) (Court noted that BVA decision was issued prior to precedential decisions in *Manio v. Derwinski*, 1 Vet.App. 140 (1991), and *Colvin v. Derwinski*, 1 Vet.App. 171 (1991), but applied those precedents in vacating BVA decision); *Sweat v. Principi*, 4 Vet.App. 67, 71 (1993) (Court noted that BVA decision was issued prior to *Manio, supra*, but applied *Manio* in vacating BVA decision); *Sammarco v. Derwinski*, 1 Vet.App. 111, 112–13 (1991) (Court noted that BVA decision was issued prior to Court's precedential decision in *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990), but remanded for BVA to comply with standards announced in *Gilbert*). In *Camphor v. Brown*, 5 Vet.App. 514, 518 (1993), the Court recently indicated that the rule announced in *Karnas v. Derwinski*, 1 Vet.

App. 308, 312–13 (1991), that "where the law or regulation changes after a claim has been filed or reopened but before the administrative or judicial appeal process has been concluded, the version most favorable to appellant ... will apply unless Congress provided otherwise", was applicable to changes in law brought about by opinions of this Court.

*ii. Conflicting Regulations:* Moreover, the Board should also be directed to address the apparent conflict between two regulations providing for "good cause" extensions of adjudication-process filing periods. The more general one, § 3.109(b), provides:

> *Time limits within which claimants* or beneficiaries *are required to act to* perfect a claim or *challenge an adverse VA decision* may be extended for good cause shown. Where an extension is requested *after expiration of a time limit*, the action required of the claimant or beneficiary must be taken concurrent with or prior to the filing of a request for extension of the time limit, and good cause . must be shown as to why the required action could not have been taken during the original time period and could not have been taken sooner than it was. Denials of time limit extensions are separately appealable issues.

38 C.F.R. § 3.109(b) (1992) (emphasis added). There can be no doubt that the filing of a 1–9 Appeal under 38 U.S.C.A. § 7105(a) is an act to "challenge an adverse VA decision" and that this regulation expressly permits such an extension request to be made "after expiration of a time limit".

Equally clearly, the regulation relied upon by the Court, 38 C.F.R. § 19.130 (1990) (now § 20.303 (1992)), does not do so. That regulation, quoted by the majority, *ante* at 556, applies specifically to the filing of a 1–9 Appeal and requires that an extension request "must be made prior to the expiration of the time limit for filing the [1–9 Appeal]." *Ibid.*

The following language in the statute would authorize either regulatory approach to "good cause" extensions of the time for filing a 1–9 Appeal:

> The claimant will be afforded a period of sixty days from the date the statement of the case is mailed to file the formal appeal. This may be extended for a reasonable period for good cause shown.

38 U.S.C.A. § 7105(d)(3) (West 1991). In light of *Rowell's* holding that the filing of a 1–9 Appeal may be waived altogether, one way to square the apparently conflicting regulations would be to construe the quoted words in § 20.303 as not excluding a late filing for which an extension was not requested within the 60–day period specified for 1–9 Appeal filing on the basis that, as a result of *Rowell,* the words "expiration of the time limit" no longer apply to the filing of the 1–9 Appeal. There is a clear responsibility to interpret Department regulations so as to harmonize them, *see, e.g., Talley v. Derwinski,* 2 Vet.App. 282, 288 (1992), just as various parts of a statute must be construed so to harmonize them. *See id.* at 286. The above interpretation is fortified by the requirement in 38 C.F.R. § 3.102 (1992) that VA administer the law "under a broad interpretation".

### B. Majority Opinion Analysis

The majority opinion states that the appellant "is statutorily barred from appealing the RO decision" because he "did not file a timely formal appeal". *Ante* at 555. That statement conflicts materially and, therefore, impermissibly with the holding of *Rowell* discussed in part A.i., above. *See Bethea, supra.* Also, the Court finds no conflict between the two facially applicable regulations and chooses instead to rely solely on the more restrictive, pre-*Rowell* regulation. For the reasons set forth in part A.ii., above, I disagree with that approach as well.

### C. Conclusion

Accordingly, based on the foregoing analysis, I would vacate the BVA decision and remand the matter for review of whether to proceed with the appeal despite the late-filed 1–9 Appeal. If the BVA were to decide not to do so, the Court would then

be called upon to determine whether such a decision accorded with law and regulation properly interpreted and also perhaps to determine whether VA would be equitably estopped from declaring the August 1, 1989, RO decision to be final due to an untimely-filed 1–9 Appeal in the case of a 100% service-connected psychiatrically disabled veteran who a physician had indicated might have a possibly "diminished mental capacity 'to deal with the matters' pertinent to his claim" (according to the 1992 BVA decision, R. at 5) and as to whom the Board stated that it "fully recognizes ... his having been the victim of an apparent breach of trust" by VA's own Vet Center Team leader, a breach which the appellant asserts was the reason why the 1–9 Appeal was not timely filed. *See Corry v. Derwinski*, 3 Vet.App. 231, 240–41 (1992) (Steinberg, J., dissenting) (discussing possibility of equitably tolling the NOD filing period on grounds of mental disability and outlining analogous Social Security disability law); *cf. Dudley v. Derwinski*, 2 Vet. App. 602, 604–06 (1992) (Kramer and Steinberg, JJ., dissenting); *but see Dudley*, 2 Vet.App. 602 (1992) (en banc) (Court majority rejects application of equitable estoppel to the 120–day period for timely filing of Notice of Appeal with Court under 38 U.S.C.A. § 7266(a) (West 1991)).