Herman T. BRIDGES, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 92–601.

United States Court of Veterans Appeals.

Oct. 14, 1993.

Before STEINBERG, Judge.*

## MEMORANDUM DECISION

STEINBERG, Judge:

The appellant, World War II veteran Herman T. Bridges, appeals from an October 23, 1991, decision of the Board of Veterans' Appeals (BVA or Board) dismissing his appeal for failure to file a timely substantive appeal form. The Secretary has filed a motion for summary affirmance. Summary disposition is appropriate in this case because it is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet. App. 23, 25–26 (1990). The Court will grant the Secretary's motion for summary affirmance and summarily affirm the Board's decision.

### I. Background

The veteran served on active duty in the U.S. Army from January 1943 to January 1946. R. at 8. In April 1989, he filed with a Department of Veterans Affairs (VA) regional office (RO) a claim for service connection for hearing loss. R. at 10–13. In a June 1989 letter, the VARO requested the veteran to submit evidence in support

of his claim and to fill out a form (NA Form 13055) to assist in locating his service records. R. at 14–15. In October 1989, the RO informed the veteran that his claim had been denied because he had failed to complete and return the NA Form 13055. R. at 22. In May 1990, he filed with the RO a Notice of Disagreement (NOD) with that decision. R. at 18.

In a June 1990 decision, the RO again denied the hearing-loss claim. R. at 20. On August 16, 1990, the RO issued a Statement of the Case (SOC). R. at 3, 21–24. On November 19, 1990, the veteran filed with the RO a substantive appeal, on a VA Form 1-9. R. at 25. On December 17, 1990, a service officer representing the veteran filed a "Statement of Accredited Representative in Appealed Case". R. at 27.

In the October 1991 decision here on appeal, the BVA concluded:

> [T]he veteran was required to file his Substantive Appeal within 60 days from the date of mailing of the [SOC] (August 16, 1990), or within the remainder of the 1-year period from the date of mailing of the notification of the initial review and determination being appealed (October 30, 1989), whichever period ends later. The record shows the VA received the veteran's Substantive Appeal on November 19, 1990, which was untimely. In view of the foregoing, the Board finds the veteran's appeal was untimely and should be dismissed.

R. at 4.

### II. Analysis

Pursuant to 38 U.S.C.A. § 7105(a) (West 1991), a request for "[a]ppellate review" by the BVA of an RO decision "will be initiated by [an NOD] and completed by a substantive appeal after [an SOC] is furnished". *See* 38 C.F.R. § 20.200 (1992). To be timely, a substantive appeal must be filed within "sixty days from the date the [SOC] is mailed" to the claimant, 38 U.S.C.A. § 7105(d)(3) (West 1991), or "with-

---

* *Note: This single-judge action carries no precedential weight in other cases. See Bethea v.*

*Derwinski, 2 Vet.App. 252, 254 (1992).*

in the remainder of the 1–year period from the date of mailing of notification of the determination being appealed, whichever period ends later", 38 C.F.R. § 20.302(b) (1992); 38 U.S.C.A. §§ 7105(d)(3) (60–day period may be extended for a reasonable period on request for good cause shown), 501 ("Secretary has authority to prescribe all rules and regulations which are necessary or appropriate to carry out the laws administered by [VA] and are consistent with those laws") (West 1991). *Compare Roy v. Brown*, 5 Vet.App. 554, 555 (1993), *with Rowell v. Principi*, 4 Vet.App. 9, 17–18 (1993). An extension of the period for filing the substantive appeal may be granted on request "for good cause". 38 C.F.R. § 20.303 (1992); *see also* 38 U.S.C.A. § 7105(d)(3) (West 1991); 38 C.F.R. § 3.109(b) (1992).

Section 7105(d)(3) further provides that "[t]he agency of original jurisdiction may close the case for failure to respond after receipt of the statement of the case, but questions as to timeliness or adequacy of response shall be determined by the [BVA]." 38 U.S.C.A. § 7105(d)(3) (West 1991). *See* 38 C.F.R. § 20.302(b) (1992). In *Rowell, supra,* the Court held:

> [F]ailure to file a timely [substantive] Appeal does not automatically foreclose an appeal, render a claim final, or deprive the BVA of jurisdiction. Statutory section 7105(d)(3) and regulation [§ 20.-302(b) ] provide that an RO may close an appeal for failure to respond to the SOC. However, the statute and regulations do not **require** an RO to close a claim in that situation; nor do they provide that the claim will become final if the claimant fails to file a timely [substantive] Appeal.

(Emphasis in original.) The Court thus held that the appellant's failure to file a timely substantive appeal did not render the claim final or defeat the Board's jurisdiction over the claim where the RO and BVA had accepted his late substantive-appeal filing and had not closed the claim. *Ibid.* In *Roy, supra,* where the veteran had not filed a timely substantive appeal nor requested an explicit extension of time to do so and the Board had dismissed the appeal for failure to file a timely substantive appeal, the Court affirmed the Board's decision as consistent with law and regulation. *But see* 5 Vet.App. at 557, (Steinberg, J., dissenting) (stating that because Board's decision "shows that it felt compelled under the law to dismiss the appeal" due to untimely substantive appeal, the Court should remand for BVA to determine whether to exercise its discretion under *Rowell* to waive substantive-appeal filing requirement).

In the instant case, the veteran did not file within the time limit provided by law and regulation a substantive appeal as to the RO's October 1989 decision; nor did he request an extension of time, "for good cause" to file his substantive appeal. Furthermore, the BVA in this case did not waive the substantive-appeal filing requirement, as it did implicitly in *Rowell, supra.* Rather, pursuant to its authority under 38 U.S.C.A. § 7105(d)(3) (West 1991) to determine "questions as to the timeliness or adequacy of" substantive appeals, the Board dismissed the veteran's claim for failure to file a timely substantive appeal.

The Court notes that if the November 19, 1990, Form 1–9 Appeal could be considered a valid NOD as to the RO's June 1990 decision again denying the veteran's claim, *see Malgapo v. Derwinski*, 1 Vet.App. 397, 398–99 (1991) (holding a VA Form 1–9 to be a valid NOD), then the service officer's December 17, 1990, statement (incorporating by reference the contentions set forth in the May 1990 NOD and the November 1990 Form 1–9 Appeal) might constitute a substantive appeal and, if so, would be timely under 38 C.F.R. § 20.303 because it was filed within the 1–year period after that RO decision. *See* 38 U.S.C.A. § 7105(d)(3) (substantive appeal "should set out specific allegations of error of fact or law" and must "clearly identif[y]" the benefits sought on appeal); 38 C.F.R. § 20.202 (1992). However, in *Hamilton v. Brown*, 4 Vet.App. 528, 538 (1993) (en banc), the Court held that "[t]here can be only one valid NOD as to a particular claim until a *final* RO or BVA decision has been rendered in that matter, or the appeal

has been withdrawn by the claimant." Hence, there could not be another NOD as to the denied hearing-loss claim until that claim had been the subject of a final RO or BVA decision or the NOD had been[9] withdrawn by the veteran or his representative, neither of which had occurred by November 19, 1990. Therefore, the June 1990 RO decision could not have given rise to another NOD as to the hearing-loss claim, so as to require the RO to issue a new SOC initiating another substantive-appeal filing period.

For the foregoing reasons, the Court finds no error of fact or law in the Board's decision dismissing the appeal.

### III. Conclusion

Upon consideration of the record and the pleadings of the parties, the Court holds that the appellant has not demonstrated that the BVA committed error in its findings of fact or conclusions of law that would warrant remand or reversal under 38 U.S.C.A. §§ 7252, 7261 (West 1991) and the analysis in *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). The Secretary's motion for summary affirmance is granted, and the October 23, 1991, BVA decision is summarily affirmed.

**AFFIRMED.**