LANCE, Judge,
concurring:
The questions presented on appeal are whether the appellant filed a premature Substantive Appeal in August 2000 and, if so, whether that filing perfected his appeal from the RO’s June 2000 decision. The majority correctly answers both of these questions in the negative, but I believe their analysis is incomplete. Specifically, the majority never explains why the RO’s August 21, 2001, decision does not dispose of both of the questions raised on appeal.
Except as provided by law, when a[n] ... issue has been decided and an appeal has not been taken within the time prescribed by law, the case is closed, the matter is ended, and no further review is afforded. DiCarlo v. Nicholson, 20 Vet.App. 52, 55 (2006) (citing Leonard v. Nicholson, 405 F.3d 1333, 1337 (Fed.Cir.2005)). In this case, the RO, in an August 21, 2001, decision that was not appealed, terminated the appellant’s initial appeal because his Substantive Appeal had not been timely filed. R. at 98; see 38 U.S.C. § 5104(a). The law presumes that the RO considered all the evidence then of record in making that decision, including the appellant’s August 2000 filings. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed.Cir.2000) (“holding] that absent specific evidence indicating otherwise, all evidence contained in the record at the time of the RO’s determination ... must be presumed to have been reviewed by the Department of Veterans Affairs”). Moreover, once that decision became final, the law presumes that the RO correctly found that the appellant did not file a timely Substantive Appeal “in the absence of clear and unmistakable error [(CUE)].” 38 C.F.R. § 3.105(a) (2006). In other words, “the appellant [wa]s [thereafter] collaterally es-topped from relitigating the same issue based upon the same evidence,” Hazan v. Gober, 10 Vet.App. 511, 520 (1997) (emphasis added), unless he filed a motion to revise the RO’s August 2001 decision on the basis of CUE. Cook v. Principi, 318 F.3d 1334, 1337 (Fed.Cir.2002).
The majority does not dispute any of the foregoing statements or explain why the RO’s August 2001 decision has not already answered the merits of the questions presented here. Instead, the majority simply examines the Board’s de novo adjudication *19 of the timeliness of the appellant’s initial Substantive Appeal. However, that aspect of the Board’s decision appears to be unlawful, i.e., in the absence of a CUE motion “the Board was collaterally estopped from viewing [the] ... evidence any differently” than the RO had in its August 2001 decision. Hazan, 10 Vet.App. at 521. Indeed, the only issues the Board could consider are the validity and finality of the RO’s August 2001 decision. I write separately to address the former issue, the validity of the RO’s August 2001 decision.
The three-step process for perfecting an appeal is designed to afford both the claimant and the Government every opportunity to resolve a disagreement ... before resorting to a ... Board adjudication. Prickett v. Nicholson, 20 Vet.App. 370, 377 (2006); see 38 U.S.C. § 7105. The first step, the fifing of the NOD, notifies VA ... of the claimant’s intent to appeal to the B[oard]. Tomlin v. Brovm, 5 Vet.App. 355, 357 (1993) (emphasis added); see 38 U.S.C. § 7105(b)(1); 38 C.F.R. §§ 20.201, 20.300, 20.302(a) (2007); see also H.R.Rep. No. 100-963, at 14-15 (1988), U.S.Code Cong. & Admin.News 1988, pp. 5782, 5795-97 (explaining the Veterans’ Judicial Review Act, Pub.L. 100-687, 102 Stat. 4105 (1988)). The second step, the issuance of the SOC, certifies that the RO cannot resolve the claimant’s disagreement after further development and review; it also provides the claimant with further information about the RO’s final decision on the merits of his or her claim. 38 U.S.C. § 7105(d)(1). The third step, the filing of the Substantive Appeal, actualizes the claimant’s intent to appeal and presents the Board with notice of the errors complained of during the adjudication of the claim. See 38 U.S.C. § 7105(d)(3); Roy v. Brown, 5 Vet.App. 554, 555 (1993); 38 C.F.R. §§ 20.202, 20.302(b) (2007). As previously noted, this appeal only concerns the appellant’s compliance with the last of these requirements.
The Substantive Appeal statute provides that questions as to timeliness or adequacy ... shall be determined by the Board of Veterans’ Appeals. 38 U.S.C. § 7105(d)(3) (emphasis added). Nonetheless, the Secretary has promulgated regulations that ostensibly vest the RO with authority to decide those issues in the first instance. See 38 C.F.R. § 19.34 (2006) (Whether a ... Substantive Appeal has been filed on time is an appealable issue. If the claimant or his or her representative protests an adverse determination made by the agency of original jurisdiction with respect to the timely fifing of the ... Substantive Appeal, the claimant will be furnished a Statement of the Case.); see also 38 C.F.R. § 20.101(c) (2006) (providing that [a]ll claimants have the right to appeal a determination made by the agency of original jurisdiction that the Board does not have jurisdictional authority to review a particular case). That is precisely what the RO did, in August 2001, when it terminated the appellant’s initial appeal for failure to timely file his Substantive Appeal. R. at 98. In my opinion, that decision— and the regulations that authorized its issuance — are ultra vires and invalid.
The statute provides that the adequacy or timeliness of a Substantive Appeal “shall be determined by the Board.” 38 U.S.C. § 7105(d)(3) (emphasis added). I see no reason to reject the plain meaning of those words by adopting the Secretary’s contrary regulatory interpretation. See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 35, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998) (An “instruction [that] comes in terms of the mandatory ‘shall’ ... normally creates an obligation impervious to ... discretion.” (citing Anderson v. Yungkau, 329 U.S. 482, 485, 67 S.Ct. 428, 91 L.Ed. 436 (1947))); John *20 son v. Brown, 9 Vet.App. 369, 371 (1996) (When “the plain meaning of a statute is discernible, that ‘plain meaning must be given effect.’ ” (quoting Tollman v. Brown, 7 Vet.App. 453, 460 (1995))); Smith v. Derwinski, 2 Vet.App. 429, 431 (1992) (If “a reviewing court ‘find[s] the terms of a statute unambiguous, judicial inquiry is complete except in rare and exceptional circumstances.’ ” (quoting Demarest v. Manspeaker, 498 U.S. 184, 111 S.Ct. 599, 112 L.Ed.2d 608 (1991))). First, the validity of a Substantive Appeal is a procedural matter that only affects the Board’s review of a claim; hence, it is not among the questions of law and fact necessary to a decision by the RO. See 38 U.S.C. § 511(a). Second, as this case demonstrates, complicated res judicata and finality issues arise when the RO decides these issues, the resolution of which requires an additional, and wholly unnecessary, spur of litigation over procedural matters unrelated to the merits of a claim. See DiCarlo, 20 Vet.App. at 55 (stating that [t]he concept of res judicata requires that there be only one valid decision on any adjudicated issue); id. at 57 (noting that [tjhere is nothing in title 38 that creates a procedure for making a freestanding challenge to the finality of a prior decision). Third, an RO decision on the validity of a Substantive Appeal has no real legal effect, i.e., it does not alter the RO’s prior decision on the merits of the claim or the Board’s ability to review that claim on appeal. See Barnett v. Brown, 83 F.3d 1380, 1384 (1996) (Section 7104[, of title 38, U.S.Code,] does not vary the Board’s jurisdiction according to how the regional office ruled.). Indeed, if the Substantive Appeal is — as the Secretary’s regulations also state — a filing that affects the Board’s jurisdiction, the RO could never determine its adequacy or timeliness. See 38 C.F.R. § 20.101(c)-(d) (2006); see also Roy v. Brown, 5 Vet.App. 554, 556-57 (1993) (affirming the Board’s dismissal of an appeal for failure to timely file a Substantive Appeal or request an extension of time for good cause); but see Rowell v. Principi, 4 Vet.App. 9, 17 (1993) (stating the failure to file a timely [Substantive] Appeal does not automatically foreclose an appeal, render a claim final, or deprive the B[oard] of jurisdiction).[1] Such a decision would be nothing more than an inferior tribunal’s advisory opinion about the presence or absence of jurisdiction in a superi- or tribunal. Finally, allowing the RO to decide, and requiring the claimant to appeal, the validity of a Substantive Appeal violates a longstanding principle of veterans law; namely, that there is no need to *21 file more than one NOD to obtain B[oard] review of the denial of a particular claim. Hamilton v. Brown, 4 Vet.App. 528, 536 (1993); but see 38 C.F.R. §§ 19.33, 19.50-52 (authorizing certain VA officials to file an administrative appeal on a claimant’s behalf if the RO determines there is a question as to the timeliness of a Substantive Appeal).
For these reasons, I believe that the foregoing regulations, and any RO decision issued pursuant thereto, are invalid. I further believe that the statute sets forth the only proper procedure to be followed whenever a Substantive Appeal is submitted: The RO must send the case to the Board for a decision, whether on procedural grounds or on the merits.

. In my opinion, the majority should resolve the apparent conflict in our caselaw over the jurisdictional character of the Substantive Appeal requirement, particularly given the questions presented in this case. If the Secretary’s interpretation is correct and the timely filing of a Substantive Appeal is jurisdictional, then I believe a mandatory dismissal for noncompliance with that requirement is probably required. See Bowles v. Russell, 551 U.S. 205, -, 127 S.Ct. 2360, 2366, 168 L.Ed.2d 96 (2007) ("As we have long held, when an 'appeal has not been prosecuted in the manner directed, within the time limited by acts of Congress, it must be dismissed for want of jurisdiction.’ ” (quoting United States v. Curry, 6 How. 106, 113, 12 L.Ed. 363 (1848))); id. at 2367 (holding that this Court has no authority to create equitable exceptions to jurisdictional requirements and that, [i]f [such] rigorous rules ... are thought to be inequitable, Congress may authorize courts to promulgate rules that excuse compliance with the statutory time limits); but see 38 U.S.C. § 7105(d)(2) (authorizing an extension of the time for filing a Substantive Appeal for a reasonable period on request for good cause shown); 38 C.F.R. § 20.303 (2006) (requiring that a request for extension of time be made in writing prior to the expiration of the time period for filing a Substantive Appeal). However, if the Court's contrary interpretation is correct, then the untimely filing of a Substantive Appeal can be more easily excused. See e.g., Hunt v. Nicholson, 20 Vet.App. 519, 525 (2006).