**Clarence J. MEAKIN, Jr., Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 96–1387.**

United States Court of Veterans Appeals.

May 12, 1998.

Clarence J. Meakin, Jr., pro se.

Robert E. Coy, Acting General Counsel; Ron Garvin, Assistant General Counsel; Carolyn F. Washington, Deputy Assistant General Counsel; and Richard Mayerick were on the brief for the appellee.

Before NEBEKER, Chief Judge, and KRAMER and IVERS, Judges.

KRAMER, Judge:

The appellant appeals a June 17, 1996, decision of the Board of Veterans' Appeals (BVA or Board) that determined that the Board did not have jurisdiction to decide whether the appellant was entitled to fee-basis medical care. This appeal is timely,

and the Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). For the reasons that follow, the Court will reverse the decision of the BVA and remand the matter.

## I. BACKGROUND

The appellant is apparently service connected for residuals of a fractured left fibula, rated at 0%, and for varicose veins secondary to the fractured fibula, rated at 0%. Record (R.) at 15, 116. There is evidence of record indicating that he is also service connected for disabilities of his back and right arm, and for residuals of pneumonia, all of which are rated as noncompensable. R. at 8, 41. (It is not clear from the record which disabilities are service connected. However, there is no dispute that the appellant does have service-connected disabilities. *See* Secretary's Brief (Br.) at 2; Appellant's Br. at 1–2.) In July 1992, the appellant wrote a letter to his U.S. Senator, asserting, in essence, that he had been injured in service, that the VA Medical Center (VAMC) in Long Beach, California, had at times refused to treat his injuries, that he was not satisfied with the treatment that he had received at that facility, and that he was seeking authorization to have his injuries treated by private, non-VA doctors. R. at 19–21. The letter, which was forwarded to VA by the Senator (R. at 18), was construed by VA as an application for fee-basis care at non-VA facilities for the appellant's service-connected disabilities (R. at 23, 25). In September 1992, the appellant was notified that he had been scheduled for an examination, to be conducted in October 1992 at the Long Beach VAMC, "to determine the status of [his] medical condition and [his] need for fee[-]basis care." R. at 39; *see also* R. at 23, 27. The appellant sent a reply to VA asserting that he was not able to visit the Long Beach VAMC upon request because he did not have "employment with flexible hours and a newer car." R. at 28. After being rescheduled, a VA medical examination was conducted in November 1992 at the Long Beach VAMC. R. at 41–42; *see also* R. at 46.

In December 1992, the appellant was notified by the VAMC Chief of Medical Administration Service (MAS) that his application for fee-basis care had been denied because it had been determined that the VAMC in Long Beach had the resources to treat the appellant's medical needs. R. at 44. In response to this notice, the appellant sent correspondence to MAS asserting that he no longer had the "time, money or newer cars" to travel to the Long Beach VAMC to receive care. R. at 46. The response was construed by MAS as a Notice of Disagreement, and a Statement of the Case (SOC) was issued. R. at 48–52. The appellant filed a VA Form 9, Appeal to the Board of Veterans' Appeals, on January 3, 1993. R. at 54.

In February 1993, the appellant was notified that his case had been forwarded to the Medical Center Director and that the decision to deny fee-basis care had been confirmed for the following reasons:

a. A medical decision was made to deny fee[-]basis care because identical medical care may be received at this [VA][m]edical facility.

b. You live within geographic accessibility of this facility.

R. at 61. In subsequent communications sent to MAS, the appellant asserted that he was unable to visit the Long Beach VAMC because of "health problems" and "financial problems." R. at 59. A Supplemental SOC was issued in March 1993. R. at 63. The record on appeal also contains numerous letters subsequently written by the appellant wherein he expressed dissatisfaction with the care that he had received at the Long Beach VAMC, dissatisfaction with the VA system in general, and a desire to receive local, non-VA care for his disabilities. R. at 67–68, 70–73, 77–79, 80–81, 100–14.

In its June 17, 1996, decision, the BVA determined that the issue on appeal was not within the jurisdiction of the Board and accordingly dismissed the appeal. R. at 5. The Board specifically stated:

[Q]uestions regarding the type and appropriateness of certain medical treatment are matters over which the Board has no jurisdiction.... [T]he specific question posed in this case as to whether the veteran is entitled to fee-basis outpatient treatment is just such a question of the appropriateness of certain medical treatment. The veter-

an's appeal must be dismissed as the Board does not have jurisdiction.

R. at 11.

On appeal to this Court, the appellant filed an informal brief in which he asserts that he had been refused treatment at the Long Beach VAMC for some of his disabilities even though he made "100s and 100s" of trips to that facility. Appellant's Br. at 2. He also asserts that the treatment he did receive was insufficient, that he can no longer afford to travel to the Long Beach VAMC, and that he needs "local proper non-VA medical care" for his disabilities. Appellant's Br. at 1, 2. The Secretary asserts that the issue in this case is not whether the appellant was eligible for fee-basis care, but rather whether he should have been authorized to receive fee-basis care. Secretary's Br. at 4. The Secretary argues, in essence, that the decision whether to authorize fee-basis care is a wholly discretionary decision of the Secretary and that it is a medical determination regarding the appropriateness of alternate types of medical care and that, in either event, the Board does not have jurisdiction to review such a determination. Secretary's Br. at 4-8. The Secretary further argues that the Board's decision to decline jurisdiction should be reviewed by the Court under the "arbitrary and capricious" standard of review and that deference should be given to the Board's interpretation of the regulation regarding its jurisdiction. Secretary's Br. at 8-9.

## II. ANALYSIS

### A. Board's Jurisdiction

Pursuant to 38 U.S.C. § 7104(a), the Board has jurisdiction to review on appeal "[a]ll questions in a matter which under [38 U.S.C. § 511(a) ] is subject to decision by the Secretary." Section 511(a) provides that "[t]he Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a). The implementing regulation provides in pertinent part:

(a) ... All questions of law and fact necessary to a decision by the Secretary

... under a law that affects the provision of benefits by the Secretary to veterans ... are subject to review on appeal to the Secretary. Decisions in such appeals are made by the Board. . . .

. . . .

(b) ... The Board's appellate jurisdiction extends to questions of *eligibility for* hospitalization, *outpatient treatment,* ... and for other benefits administered by the Veterans Health Administration. *Medical determinations,* such as determinations of the need for and appropriateness of specific *types of medical care and treatment* for an individual, are not adjudicative matters and are *beyond the Board's jurisdiction. Typical examples* of these issues are whether a particular *drug* should be *prescribed,* whether a specific type of *physiotherapy* should be *ordered,* and *similar* judgmental *treatment decisions* with which an *attending physician* may be faced.

38 C.F.R. § 20.101(a), (b) (1997) (emphasis added).

In the decision on appeal, the Board found that it did not have jurisdiction, under the above law and regulation, to review a determination by MAS that the appellant was not entitled to fee-basis outpatient treatment for service-connected disabilities. R. at 5.

### 1. Eligibility for Fee–Basis Outpatient Treatment

■ Fee-basis care at non-VA facilities is provided for by 38 U.S.C. § 1703(a), which states in relevant part:

(a) When Department facilities are *not capable* of furnishing economical hospital care or medical services because of *geographical inaccessibility* or are not capable of *furnishing the care or services required,* the Secretary, as authorized in section 1710 of this title, *may* contract with non-Department facilities in order to furnish ...

(1) Hospital care or medical services to a veteran for the treatment of ...

(A) a service-connected disability.

38 U.S.C. § 1703(a)(1)(A) (emphasis added); *see also* 38 C.F.R. § 17.52(a)(1)(i) (1997). The term "medical services" includes outpatient treatment. *See* 38 U.S.C. § 1701(6),

(6)(A), (6)(B); *cf.* 38 U.S.C. § 1701(5)(A)(i), (C)(i).

As indicated, the implementing regulation regarding the Board's jurisdiction specifically states that the Board has jurisdiction to review "eligibility for ... outpatient treatment." 38 C.F.R. § 20.101(b). The Secretary contends, inter alia, that in this case the issue is whether the appellant should be "*authorized*" to receive fee-basis treatment, not whether he is *eligible* for fee-basis treatment (a status which the Secretary purports to concede), Secretary's Br. at 4, thus apparently contending that the only "eligibility" criterion for fee-basis treatment under § 1703(a)(1)(A) is that the applicant is a veteran seeking treatment for a service-connected disability. The Court disagrees.

First, under § 1703(a)(1)(A), before the Secretary is permitted to contract with a non-VA facility in order to procure fee-basis care, it must be established not only that the applicant is a veteran and that he seeks treatment for a service-connected disability, but also that VA facilities are either (1) geographically inaccessible [hereinafter prong (1) ] or (2) not capable of providing the care or services that he requires [hereinafter prong (2) ]. Because a veteran seeking treatment for a service-connected disability could thus never be eligible for fee-basis outpatient treatment under § 1703(a)(1)(A) until either prong (1) or (2) has been satisfied, a determination as to an applicant's *eligibility* for fee-basis outpatient care must necessarily include a factual determination as to whether either prong (1) or (2) has been satisfied. *See* 38 U.S.C. § 7261(a)(4). In the present case, because the appellant was denied fee-basis care on the grounds that he did not satisfy either prong (1) or (2), *see* R. at 61, the issue is whether the appellant was "eligible" for fee-basis outpatient treatment. Second, under the plain meaning of § 1703(a), *authorization* for fee-basis treatment takes place only after satisfaction of either prong (1) or (2), and means the letting of a contract. Third, the first sentence of § 20.101(b) by its terms extends jurisdiction to all cases involving eligibility for outpatient treatment, not just to cases involving eligibility for *VA* outpatient treatment. *See* 38 C.F.R. § 20.101(b).

### 2. Discretionary Determinations

■ The Secretary contends that use of the word "may" in § 1703(a) indicates that "fee-basis determinations are wholly within the Secretary's discretion." Secretary's Br. at 5. However, pursuant to section 1703(a), the Secretary "may" contract with non-Department facilities only after it has been determined either (1) that VA facilities are geographically inaccessible or (2) that such facilities are not capable of furnishing the required care. Therefore, to the extent that any determination is wholly within the Secretary's discretion, such discretion, under the plain meaning of the statute, would not arise until after eligibility for fee-basis care has been determined under either prong (1) or (2). *See Gardner v. Brown*, 5 F.3d 1456, 1458 (Fed.Cir.1993) ("The starting point in interpreting a statute is its language, for 'if the intent of Congress is clear, that is the end of the matter.' "), *aff'd*, 513 U.S. 115, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994). It should be noted that the Court's analysis does not address the extent to which authorization of fee-basis care for an eligible applicant is a matter wholly within the Secretary's discretion, or whether the BVA would have jurisdiction to review such an authorization determination. *Compare Stringham v. Brown*, 8 Vet.App. 445, 448 (1995), *with Malone v. Gober*, 10 Vet.App. 539, 544–45 (1997).

### 3. Medical Determinations

■ The Secretary further argues that decisions regarding fee-basis outpatient treatment are "medical determinations concerning appropriate medical care ... which are beyond the Board's jurisdiction." Secretary's Br. at 6; *see also* 38 C.F.R. § 20.101(b). The Court concludes, for the following reasons, that decisions as to whether an applicant is eligible for fee-basis care under § 1703(a)(1)(A), including determinations as to whether either prong (1) or (2) has been satisfied, are not "medical determinations," 38 C.F.R. § 20.101(b).

First, the Court has already concluded that determinations as to prong (1) and (2) eligibility are issues to which the Board's jurisdiction applies. *See supra* Part II.A.1.

Second, determinations as to whether the applicant is a veteran, whether he seeks treatment for a service-connected disability, and whether VA facilities are geographically inaccessible are on their face obviously not medical determinations. Third, with regard to prong (2), a decision as to whether a particular VA facility is capable of furnishing specific care or services does not involve a decision as to the "need for and appropriateness of specific types of medical care and treatment." 38 C.F.R. § 20.101(b). In fact, the plain meaning of the statute ("capable of furnishing care or services *required*" 38 U.S.C. § 1703(a) (emphasis added)), necessitates a determination as to what specific types of care, services, or treatment are required *before* a decision can be made as to whether a VA facility can provide that care, service, or treatment. In other words, a determination under prong (2) requires, in essence, an administrative decision as to whether the VA facility is capable of furnishing a previously determined course of care, services, or treatment.

Thus, the Court concludes that a determination as to whether an applicant has satisfied the eligibility requirements of § 1703(a)(1)(A) for fee-basis care is not a medical determination within the meaning of 38 C.F.R. § 20.101(b). It should be noted that the Court need not address and does not decide either whether a medical determination as to the type of care, services, or treatment required would be a decision reviewable by the Board, *see* 38 U.S.C. §§ 511(a), 7104(a); 38 C.F.R. §§ 20.3(e), 20.101(b); *cf. Zimick v. West,* 11 Vet.App. 45 (1998), or whether a decision by the Secretary to deny fee-basis care, after it has been determined that the applicant is eligible, would involve a medical determination.

### B. Standard of Review

The Secretary further argues that the Court should review the Board's determination that it did not have jurisdiction under an "arbitrary and capricious" standard of review. Secretary's Br. at 8. In addition, the Secretary urges that the Court give deference to the Board's interpretation of 38 C.F.R. § 20.101 and that the Court afford "due consideration to the fact that the Board's decision was consistent with its long-standing policy." Secretary's Br. at 8–9.

■ Whether the Board has jurisdiction is a question of statutory and regulatory interpretation, *see* 38 U.S.C. §§ 511(a), 7104 (defining jurisdiction of the Board); 38 C.F.R. § 20.101, that this Court reviews de novo. *See* 38 U.S.C. § 7261(a)(1); *In re Fee Agreement of Cox,* 10 Vet.App. 361, 372–74 (1997) (Court decides that Board had jurisdiction over fee-agreement issue without deference to Board determination that it did not); *cf. Ledford v. West,* 136 F.3d 776 (Fed.Cir.1998) (whether Court of Veterans Appeals has jurisdiction under 38 U.S.C. § 7252 is matter of statutory interpretation which U.S. Court of Appeals for the Federal Circuit reviews de novo). Although courts frequently grant deference to an administrative agency's interpretation of its own regulations, "they are not bound by the administrative agency's construction." *Gardner v. Derwinski,* 1 Vet. App. 584, 588 (1991), *aff'd sub nom. Gardner v. Brown,* 5 F.3d 1456 (Fed.Cir.1993), *aff'd,* 513 U.S. 115, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994); *see also Brown v. Gardner,* 513 U.S. 115, 118, 115 S.Ct. 552, 555, 130 L.Ed.2d 462 (1994) ("interpretive doubt is to be resolved in the veteran's favor"). Such deference is not warranted unless the interpretation " 'sensibly conforms to the purpose and wording of the regulation[ ].' " *Martin v. Occupational Safety and Health Review Comm'n,* 499 U.S. 144, 151, 111 S.Ct. 1171, 1176, 113 L.Ed.2d 117 (1991) (quoting *Northern Indiana Public Serv. Co. v. Porter County Chapter of Izaak Walton League of America, Inc.,* 423 U.S. 12, 15, 96 S.Ct. 172, 173, 46 L.Ed.2d 156 (1975)); *DeLuca v. Brown,* 8 Vet.App. 202, 207 (1995) (interpretation of regulation by VA that conflicted with plain meaning of regulation not entitled to deference) (citing *Combee v. Principi,* 4 Vet.App. 78, 91 (1993) (quoting *Martin,* 499 U.S. at 151, 111 S.Ct. at 1175–76), *rev'd on other grounds sub. nom. Combee v. Brown,* 34 F.3d 1039 (Fed.Cir.1994)). Here, for the reasons stated in Part II.A, *supra,* the wording of the regulation clearly confers jurisdiction on the Board. Accordingly, it is unnecessary for the Court to consider whether under the statutory provisions governing the Board's

jurisdiction, 38 U.S.C. §§ 511(a) and 7104(a), the Secretary would be authorized to prescribe regulations that did not provide the Board with jurisdiction to decide questions of eligibility for fee-basis care under 38 U.S.C. § 1703.

### III. CONCLUSION

Upon consideration of the foregoing, the record on appeal, and the filings of the parties, the Court holds that the June 17, 1996, BVA decision is REVERSED and the matter is REMANDED for proceedings consistent with this opinion.