HOLDAWAY, Judge,
dissenting:
I respectfully dissent with the holding of the majority. I would deny the application for EAJA fees for three reasons. First, I would find that the appellant has not established that he is the prevailing party in the underlying dispute before this Court. Second, I would hold that special circumstances exist which would prohibit the payment of EAJA fees. Third, I believe that the Secretary’s litigation position was substantially justified.
As noted by the majority, in order to be eligible for EAJA fees, the appellant must show that he is the prevailing party. See Stillwell v. Brown, 6 Vet.App. 291 (1994). In the underlying dispute, the issue before the Court was the appropriate remedy for the Board’s procedural errors. The Secretary conceded that the Board erred and argued that the Court should vacate the Board’s decision and remand the matter for readjudication. The appellant expressly disagreed with the Secretary’s concession of error and pressed this Court to reverse the Board’s decision. After reviewing the arguments presented by the parties, the Court found the Secretary’s remedy appropriate and remanded the matter to the Board. Therefore, the appellant is not the prevailing party for the purposes of EAJA fees because the Court found in favor of the Secretary. While the Court did remand the matter, the appellant simply did not prevail as he did not have any success in pressing for reversal as the exclusive appropriate remedy. As a result, I would find that the government, not the appellant, prevailed before this Court.
Assuming arguendo that the appellant prevailed on the merits, I would find that special circumstances exist which would prohibit the payment of EAJA fees. See 28 U.S.C. § 2412(d)(1)(A). The appellant would be, in effect, getting fees not based on what he did before the Court, but on the basis of the work the Secretary did in urging the remedy that was granted, i.e., remand. As noted above, the Secretary conceded that a remand was necessary. Nonetheless, the appellant argued that the Court should reverse the Board’s decision. The impetus for the litigation before the Court was the appellant’s refusal to accept the remand offered by the Secretary. Thus, the appellant’s fees were wholly incurred in pursuing a reversal of the Board’s decision and objecting to the remedy that was ultimately granted. If the Court were to permit EAJA fees in this instance, there would be no incentive for the appellant to accept the Secretary’s concession of error and avoid needless litigation. Cf 28 U.S.C. § 2412(d)(1)(C) (“The court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or to deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.”) In effect, by granting EAJA fees in this instance, the Court would be granting the appellant a free license to incur EAJA fees even if he has no hope of actually obtaining the relief sought, i.e., reversal of the Board decision. The Secretary would also be disinclined to offer a concession of error and avoid the costs of litigation because he knows that an appellant will nonetheless attempt to obtain a reversal. Of course, if the appellant pressed for a reversal and was successful, he would be considered a prevailing party and be entitled to EAJA. In this way, there are appropriate incentives and disincentives for both parties to proceed and avoid unnecessary litigation. I do not condemn the appellant or his attorney for pressing for reversal. His attorney certainly was advocating zealously in the best interests of his client. I simply believe that the appellant should not be reimbursed under EAJA when that advocacy was not successful. If he was “successful,” he was only successful in a marginal way *77 and the fees, at a minimum, should be reduced, I think more drastically than the majority has reduced them, because of his minimal and partial “success.”
Finally, I would find that the government’s position was substantially justified. In Stillwell, the Court noted that it must take into account “the evolution of VA benefits law since the creation of the Court that has often resulted in new, different, or more stringent requirements for adjudication.” 6 Vet.App. at 303. If the Board acted consistently with judicial precedent and VA policy, the Court must conclude that the Secretary’s position was substantially justified. See Olney v. Brown, 7 Vet.App. 160, 162 (1994). In this case, prior to the Court’s decision in Meakin v. West, 11 Vet.App. 183 (1998), the Board had consistently interpreted 38 C.F.R. § 20.101(b) to prohibit it from exercising jurisdiction over the Secretary’s determination of whether fee-basis outpatient treatment was appropriate. Prior to Mea-kin, the Court had not previously held that the Board actually possessed jurisdiction to make that finding. See Webb v. Brown, 7 Vet.App. 122 (1994) (remanding claim for fee-basis outpatient treatment for inadequate reasons and bases). In Meakin, the Court reversed and remanded a Board decision which held that it did not have jurisdiction over that issue. Meakin, 11 Vet.App. at 186. The Court held that while the Board may be correct in that it does not have jurisdiction over the Secretary’s ultimate authorization of fee-basis outpatient treatment, it nonetheless possessed jurisdiction to determine whether the claimant may initially be eligible for such treatment. Id. Immediately after the Court issued its decision in Meakin, the Secretary conceded that a remand was warranted in this case. By holding that it did not possess jurisdiction, the Board applied the interpretation of the law which was in existence at that time. Although the Court later held that such an interpretation was inconsistent with 38 C.F.R. § 20.101(b), the interpretation was reasonable given that the evolving nature of this area of VA benefits law. See Olney, 7 Vet.App. at 162 (government’s position prior to Thurber v. Brown, 5 Vet.App. 119 (1993), was substantially justified); see also Webb, 7 Vet.App. at 125-26 (Board’s interpretation of 38 C.F.R. § 20.101(b) was reasonable) (Holdaway, J., dissenting). I would find that the Secretary’s position was substantially justified in relying on a reasonable interpretation of 38 C.F.R. § 20.101(b). To find it unjustified, the majority appears to require the Board to have had the gift of prophecy at the time it rendered its decision. For this reason and the reasons described above, I would deny the appellant’s application for EAJA fees. I hope the Secretary will seriously consider requesting an en banc hearing in this egregious case.