KRAMER, Chief Judge, filed the opinion of the Court. STEINBERG, ■ Judge, filed a concurring opinion.
KRAMER, Chief Judge:
The appellant, through counsel, appeals a March 31, 2000, Board of Veterans’ Appeals (Board or BVA) decision that dismissed his appeal to the Board from a VA regional office (RO) decision that denied several disability' compensation claims. Record (R.) at 3, 5. The Board predicated that dismissal on the ground that the BVA lacked jurisdiction over the appeal because the appellant had not filed a properly completed Substantive Appeal to the Board within the statutory time period. R. at 3- *370 4. The appellant and the' Secretary have filed briefs, and the appellant has filed a reply brief. This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a). For the reasons that follow, the Court will reverse the Board decision and remand the matter.
I. Background
The appellant' served on active duty from October 1971 to April 1975. R. at 8. In a January 20, 1996, decision, the RO denied the appellant’s claims for service connection for a back disorder, a neck disorder, obesity, and a right-shoulder condition and awarded service connection for a left-ankle fracture and assigned a 10% disability rating, effective November 13, 1995. R. at 26-28. The appellant, in May 1996, filed through his representative a Notice of Disagreement (NOD) as to the RO’s denial of his back, neck, and right-shoulder service-connection claims and assignment of only a 10% disability rating for his left-ankle fracture. R. at 30. Subsequently, the RO granted service connection for the appellant’s right-shoulder condition and assigned a 10% disability rating, effective November 13, 1995. R. at 54 (rating decision codesheet dated September 4, 1996). On September 17, 1996, the RO issued to the appellant a Statement of the Case (SOC). as to service connection for both his back and neck conditions and increased ratings for both his service-eon-nected-right-shoulder condition and service-connected-left-ankle fracture. R. at 46-54. In the SOC cover letter, the RO stated that it had “enclosed VA Form 9, Appeal to the Board of Veterans’ Appeals [(Form 9)], which you may use to complete your appeal.” R. at 46.
In October 1996, the appellant filed a Form 9 in which he provided his name, claim-file number, and address; checked the “NO” box that specified that “[i] f yow checked, ‘NO’ your appeal will be reviewed on all the evidence now of recordand signed and dated the form. R. at 56 (handwritten notation reflecting “copy to BVA 10/9/96”). On October 30, 1997, the appellant, through his representative, filed a statement in which he specified that service connection for his back and neck conditions and increased ratings for his right-shoulder and left-ankle conditions were the issues on appeal. R. at 58-60. The statement included arguments that his appeal warranted allowance under 38 C.F.R. §§ 3.102, 3.303, 3.304, 4.7, 4.40, and 4.59 and that the evidence in his case was at least in equipoise. R. at 59. Subsequently, on February 24, 1998, the appellant, through his representative, submitted additional evidence and requested that that evidence be considered regarding his back-condition claim. R. at 62-64. In an October 29, 1999, statement filed through his representative, the appellant identified the issues on appeal as service connection for his back and neck conditions and increased disability ratings for his right-shoulder and left-ankle conditions. R. at 67-68- He also essentially argued that the Board could not rely on its own medical conclusions regarding whether his symptoms supported a particular diagnosis for either his back or neck condition or whether those symptoms were “acute and transitory,” but rather the BVA needed supporting medical evidence for any such conclusions. R. at 68. The appellant further argued that the Board could not “selectively rely on those parts of a doctor’s statement [that] support its conclusions.” Id.
The RO, on November 26, 1999, notified the appellant that his appeal was being placed bn the BVA docket. R. at 70-71. On December 3, 1999, the appellant filed through his representative ‘ an “[ijnformal [h]earing [presentation” as to his four claims. R. at 73-75. In a January 10, *371 2000, letter, the Board notified the appellant that a timely Substantive Appeal as to his four claims might not have been filed and that he had 60 days to present written argument, to present additional evidence relevant to the Board’s jurisdiction, or to request a hearing to present oral argument on the question of the timeliness and adequacy of the appeal. R. at 77-78.
In the March 31, 2000, decision on appeal! the Board characterized the claims as service-connection claims for a back disorder, a neck disorder, and a right-shoulder disorder and a claim for an increased rating for a left-ankle fracture. R. at 1. The Board implicitly determined that the appellant had timely filed a Form 9 but then concluded that, because that Form 9 did not include any allegation of error, it was not properly completed as required by 38 C.F.R. § 20.202. R. at 4. Citing 38 U.S.C. § 7105(d)(5), the Board stated that it may dismiss an appeal where, in a Substantive Appeal, an appellant fails to allege specific error of fact or law. Id. The Board next noted that, although the appellant had filed additional statements that “might be construed as a Substantive Appeal of these issues,” those statements were filed well after the time period (apparently 60 days based on the BVA’s citations) for filing a Substantive Appeal had expired. R. at 4 (citing, inter alia, 38 C.F.R. §§ 20.302(c), 20.305) (emphasis added). The Board concluded that the appellant was “statutorily barred from appealing . the January 1996[RO] decision” and that, therefore, the Board did “not have jurisdiction to consider an appeal from [that. RO] decision” (citing 38 C.F.R. § 20.200 and Roy v. Brown, 5 Vet.App. 554, 556 (1993)). R. at 3, 4 (emphasis added). The BVA then dismissed the appeal. R. at 5.
The appellant appealed to this Court, and oral argument before the instant panel was heard on October 29, 2002. At that oral argument, the Court requested that the Secretary, in consultation with the appellant, file a copy of the Form 9 instructions that were provided to the appellant in this case and copies of any subsequent versions of Form 9 and related instructions. On November 12, 2002, the Secretary filed a response that included a copy of the instructions that accompanied the January 1992 edition of the Form 9 that the RO had sent to the appellant with the September 17, 1996, SOC. Response Exhibit (Resp.Ex.) 1. The Secretary also included a copy of a January 1998 edition of Form 9 with instructions; the .1998 edition of Form 9, as contrasted with the 1992 edition that was sent to and subsequently filed by the appellant, does not include the “NO” box that specified that “[i] f you checked ‘NO’ your appeal will be reviewed on all the evidence now of record.” Resp. Ex. 2; see R. at 56 (appellant’s October 1996 Form 9).
II. Analysis
The statutory provision that sets out the elements of an appeal to the Board provides:
(3) Copies of the “[SOC]” prescribed in paragraph (1) of this subsection will be submitted to the claimant and to the claimant’s representative, if there is one. The claimant will be afforded a period of sixty days from the date the [SOC] is mailed to file the formal appeal. This may be extended for a reasonable period on request for good cause shown. The appeal should set out” specific allegations of error of fact or law, such allegations related to specific items in the [SOC]. The benefits sought on appeal must be clearly identified. The agency of original jurisdiction may close the case for failure to respond after receipt of the [SOC], but questions as to timeliness or adequacy of response shall be determined by the Board ....
*372 38 U.S.C. § 7105(d)(3) (emphasis added). That provision further provides that “[t]he Board ... may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed.” 38 U.S.C. § 7105(d)(5) (emphasis added).
In his regulations, the Secretary has provided:
A Substantive Appeal consists of a properly completed ;.. Form 9, “Appeal ■ to Board of Veterans’ Appeals,” or correspondence containing the necessary information. If the [SOC] and any prior Supplemental [SOCs (SSOC)] addressed several issues, the Substantive Appeal must either indicate that the appeal is being perfected as to all of those issues or must specifically identify the issues appealed. The • Substantive Appeal should set out specific arguments relating to errors of fact or law made by the agency of original jurisdiction in reaching the determination, or' determinations, being appealed. To the extent feasible, the argument should be related to specific items in the [SOC] and any prior [SSOCs]. The Board will construe such arguments-in a liberal manner for purposes of determining whether they raise issues on appeal, but the Board may dismiss any appeal which fails to allege specific error of fact or law in the determination, or determinations, being appealed. The Board will not presume that an appellant agrees with any statement of fact contained in a[n SOC] or a[n SSOC] which is not specifically contested. Proper completion and filing of a Substantive Appeal are the last actions the appellant needs to take to perfect an appeal.
38 C.F.R. § 20.202 (2003) (emphasis added).
“The starting point in interpreting a statute is its language.” Good Samaritan Hosp. v. Shalala, 508 U.S. 402, 409, 113 S.Ct. 2151, 124 L.Ed.2d 368 (1993). When this Court reviews de novo the Secretary’s interpretation of a statute, the first question is always “whether Congress has directly spoken to the precise question at issue.” Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); see 38 U.S.C. § 7261(a)(1) (scope of review); Trilles v. West, 13 Vet.App. 314, 321 (2000) (en banc). “If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.” Chevron, 467 U.S. at. 842-43, 104 S.Ct. 2778.
With respect to the Board’s determination that it was required to dismiss (i.e., that it lacked jurisdiction over) the appellant’s appeal because he had failed to allege that specific error of fact or law was contained, in the January 1996 RO decision within the Substantive-Appeal-filing period following the issuance of the September 1996 SOC, the Court concludes that the Board erred. In this regard, under the plain language of the statute, the section 7105(d)(5) penalty is expressly permissive, i.e., “may dismiss.” 38 U.S.C. § 7105(d)(5). Further, the Secretary, in accordance with Chevron, supra, has implemented that plain language in his regulation. See 38 C.F.R. § 20.202. The Court thus holds that the Board’s use of a jurisdictional, i.e., nondiscretionary, analysis was not appropriate. See R. at 4 (Board concluded that, absent timely Substantive Appeal, appellant was statutorily barred from appealing to Board); 38 U.S.C. § 7104(c) (Board bound by VA regulations); 38 C.F.R. § 20.101(a) (2003) (same); see also Myers v. Principi, 16 Vet.App. 228, 234 (2002) (noting that, although “plain meaning [of 38 U.S.C. § 4005(e) (now section 7105(d)(5))] strongly suggests that a discretionary authority *373 is granted, the Court need not reach that issue”). See generally Malone v. Gober, 10 Vet.App. 539, 544 (1997) (discussing care that Secretary “may” provide, as opposed to “shall” provide, as being left to his discretion); Willis v. Brovm, 6 Vet.App. 433, 435 (1994) (use of word “may” in statute makes action discretionary).
To the extent that the Board may have ’ had discretion under section 7105(d)(5) to dismiss the appellant’s appeal, any such discretion, under the plain language of the statute, would not arise until after the Board determined that the appellant had “fail[ed] to allege specific error of fact or law in the [January 1996 RO decision].” 38 U.S.C. § 7105(d)(5); see Meakin v. West, 11 Vet.App. 183, 185-86 (1998). The Court thus concludes that, in this case, because the appellant was .not required to make any such allegations, he did not “fail[] to allege” and, therefore, the Board did not possess any such discretion to dismiss the appellant’s appeal. In this regard, VA utilized a Form 9 that specifically indicated that, “[i]f [the appellant] checked [the] ‘NO’ [box, his] appeal w[ould] be reviewed on all the evidence [then] of record,” i.e., the appellant did not need to take any further action (after checking the “NO” box) in order to obtain a Board decision on his appeal. R. at 56 (emphasis added). Further, the appellant, within the statutory time period (as implicitly conceded by the BVA (see R. at 4)), checked that “NO” box and submitted the VA-provided form to the RO, which apparently immediately forwarded a copy of the Form 9 to the BVA. See id. In addition, the Board acknowledged (see R. at 4) that the appellant subsequently presented, in statements submitted by his representative “in [his a]ppealed [c]ase” (R. at 58-59, 67-68), arguments as to errors of fact or law in the January 1996 RO decision. See EF v. Derwinski, 1 Vet.App. 324, 326 (1991) (Board has duty to review all “issues raised in all documents ... submitted prior to the BVA decision”). It appears, therefore, that it was VA’s own words, i.e., the language of the “NO” box on the Form 9, that may have led the appellant not to present those arguments at an earlier time. Cf. Irwin v. D'ep’t of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (stating, as to statutory filing deadlines, that tolling of such deadlines may be available “where the claimant has been induced or tricked by his adversary’s misconduct into allowing the filing deadline to pass”); Bailey v. West, 160 F.3d 1360, 1361, 1365 (Fed.Cir.1998) (en banc) (applying tolling in veterans benefits context where RO employee accepted appellant’s signed form to appeal Board decision and apparently told him that, inter alia, “she would take care of [his appeal]”). But cf. Cummings v. West, 136 F.3d 1468, 1472-74 (Fed.Cir.1998) (holding that language utilized in Appeals Notice accompanying Board- décision satisfactorily explained how and when to pursue BVA reconsideration and to appeal to this Court;' also recognizing that portion of such notice might be confusing). Such language is particularly significant because' the VA claims-adjudication process is a nonadversarial, proclaimant system in which claimants often lack representation. See EF, supra.
Given these circumstances, the Court holds that VA waived any additional pleading requirements on the part of the appellant. See Beyrle v. Brown, 9 Vet.App. 24, 28 (1996) (Court concluded that Board had waived filing of Form 9 where, although there was no evidence of record that appellant had filed Form 9, BVA had proceeded to adjudicate appellant’s claims on merits). Based on this record, a determination to the contrary would raise serious fair process issues. See Austin v. Brown, 6 Vet. App. 547, 551-52 (1994); Thurber v. *374 Brown, 5 Vet.App. 119, 123 (1993). However, given the Court’s holdings in this case, we need not address any such issues.
Hence, the Court holds that the appellant timely filed a Substantive Appeal as to the January 1996 RO decision and that the Board, therefore, possessed jurisdiction over his appeal. Accordingly, the Court will reverse the Board determination to the contrary and, because the BVA lacked discretion to dismiss the appellant’s appeal, will remand the appellant’s claims for adjudication on the merits.
As to the requirement in section 7105(d) that an appellant identify the benefits sought, the Court notes that it generally would remand such a case to the Board for the BVA to address that requirement in the first instance. However, in this case, we need not do so because, as explained above, the Form 9 that the appellant timely filed specified that he did not have to do anything further to obtain a Board decision in his appeal, as long as he checked the “NO” box, which he did. See R. at 56. In this regard, the Court notes that that “NO” box no longer appears to be a part of Form 9. Compare R. at 56 (appellant’s October 1996 Form 9 (Jan.1992 edition)),with Resp. Ex. 2 (Jan.1998 edition of Form 9).
III. Conclusion
Based upon the foregoing analysis, the record on appeal, the. parties’ pleadings, and oral argument, the March 31, 2000, Board decision is REVERSED and the matter is REMANDED for proceedings consistent with this opinion. On remand, the appellant is free to submit additional evidence and argument in accordance with Kutscherousky v. West, 12 Vet.App. 369, 372-73 (1999) (per curiam order). See Kay v. Principi, 16 Vet.App. 529, 534 (2002) (stating, in case where Court remanded claim and declined to address appellant’s additional arguments as to BVA error, that, on remand, appellant is free to raise such arguments to Board and Board must address those arguments). The Board shall proceed expeditiously, in accordance with section 302 of the Veterans’ Benefits Improvements Act of 1994, Pub.L. No. 103-446, § 302, 108 Stat. 4645, 4658 (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for “expeditious treatment” of claims remanded by Board or Court).