This version includes the errata dated 20Mar02-e

## UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-329

Douglas B. Morgan, Appellant,

v.

Anthony J. Principi,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Decided    March 14, 2002  )

*William A. L'Esperance*, of Albuquerque, New Mexico was on the briefs for the appellant.

*John H. Thompson*, Acting General Counsel; *Ron Garvin*, Assistant General Counsel; *Mary Ann Flynn*, Deputy Assistant General Counsel; and *Debra L. Leach*, all of Washington, D.C., were on the brief for the appellee.

Before IVERS, STEINBERG, and GREENE, *Judges*.

STEINBERG, *Judge*:  The appellant, through counsel, seeks review of a September 28, 1999, Board of Veterans' Appeals (Board or BVA) decision that determined (1) that a Department of Veterans Affairs (VA) regional office (RO) had properly denied a July 1993 request for an extension of time to file a Substantive Appeal and (2) that a December 16, 1993, Substantive Appeal was not timely filed.  Record (R.) at 16.  The appellant has filed a brief, and the Secretary has filed a brief in response, to which the appellant has filed a reply.  For the reasons that follow, the Court will affirm the Board's decision.

## I.  Relevant Background

The veteran, Douglas K. Hayes, served on active duty during World War II in the U.S. Army Air Corps from August 1942 through September 1945 during World War II.  R. at 19.  He died in

March 1979 due to complications from diabetes mellitus; service connection was granted in April 1979 (R. at 103) for the cause of his death, apparently on the application of his last wife (*see* R. at 165, 208 (appellant and VA, respectively, stating that decedent's last wife (the appellant's stepmother) had received dependency and indemnity compensation (DIC) benefits from 1979 until her death in 1984)). In November 1992, the appellant, who is the veteran's son, filed a claim with a VARO for both VA DIC and dependents' educational assistance (DEA) under chapters 11 and 35, respectively, of title 38, U.S. Code. R. at 34-35. By letters dated December 4, 1992, and December 17, 1992, the RO notified the appellant that these claims were denied. R. at 106, 109. On January 12, 1993, he filed a Notice of Disagreement (NOD) as to those decisions. R. at 117-18. In that NOD, he stated: "I amend claim submitted for DIC . . . 11/9/92 to include request for [c]hapter 35 . . . [DEA] [b]enefits 11/9/92, as all one claim." R. at 117.

In a May 14, 1993, letter to the appellant, the RO acknowledged receiving the January 1993 NOD and enclosed both a Statement of the Case (SOC) and a blank VA Form 9, Substantive Appeal to the BVA. R. at 126-35. The RO made no statement in that letter or the SOC in response to the appellant's attempt to amend his DIC claim to include his DEA claim. *See ibid.* On July 8, 1993, he requested, through his veterans' service organization representative, a 30-day extension of time to reply to the SOC; he cited the death "recently" of his mother (a prior wife of the veteran) as the basis for that request. R. at 137. The RO responded to that request in a July 26, 1993, letter, which stated as follows:

> This letter is in a [sic] response to a memorandum dated July 8, 1993, received from Paralyzed Veterans of America, pretaining [sic] to your request for a 30[-]day extension to perfect your appeal. You have one year from the date of the letters notifying you of the denial of benefits in which to perfect your appeal. You must submit VA Form 9 prior to November 24, 1993, for [c]hapter 35 [e]ducation benefits and December 17, 1993, for . . . DIC[] benefits.

R. at 140. Again, the RO made no ***explicit*** reference to the purported "one claim" amendment. *See ibid*.

The appellant submitted a VA Form 9, dated December 16, 1993, as to the denial of both claims. R. at 142-59. On that VA Form 9, he noted his prior request, based on his mother's death, for an extension of time to file the Substantive Appeal and stated: "I am turning in my appeal

today[,] Dec 16, 1993[,] because it's been hard and on 1/12/93 I amended my DIC & Educational claim together." R. at 159.

At the appellant's request (R. at 142), the RO conducted a hearing in February 1994 (R. at 163-71). Based on the sworn testimony provided at that hearing and on the evidence that was referenced in the May 1993 SOC, the VA hearing officer, in a December 1994 decision, determined that the appellant's DIC claim was properly denied and that the appellant's DEA claim was "not within the jurisdiction of the [h]earing [o]fficer". R. at 177. As to the DEA claim, the hearing officer explained:

> The claimant was notified on December 4, 1992, of the denial of his claim for educational benefits. He filed a[n NOD] on December 22, 1992, and was issued a[n SOC] on May 14, 1993. He did not submit his VA Form 9 . . . until December 16, 1993. As Mr. Morgan failed to perfect an appeal to the December 4, 1992, decision within one year of notification, that decision is final and is not within the jurisdiction of the [h]earing [o]fficer.

R. at 179.

After the RO issued a February 1995 Supplemental SOC (SSOC) (R. at 323-26), the appellant, on March 31, 1995, filed, through his representative, a Substantive Appeal to the Board. R. at 333-58. In a statement in support of his appeal, the appellant admitted that his appeal of the DEA claim was filed "some 12[]days late" and explained, as to his July 1993 request for a 30-day extension of time, that "[w]hen [he] lost [his] [m]other to cancer, it was all [he] could do to try to finish [his] appeal on time[;] [e]ven with 5[]months left to spare, [he] knew that [he] needed an extension of time to finish [his] appeal" and that his "goal was to try to add on 30[]more days to the 5[]months left to perfect [his] appeal." R. at 334.

In a June 30, 1997, decision, the Board requested that the RO "provide the appellant with a[n SOC] on the issues of (1) whether the July 1993 request for an extension for filing a Substantive Appeal should have been granted, and (2) whether the December 1993 Substantive Appeal was timely filed" as to the DEA claim. R. at 377. In the same June 1997 decision, the Board denied the appellant's DIC claim because it found that he was over age 17 at the time of the veteran's death and thus lacked the requisite status of "child of the veteran" for purposes of that claim. R. at 380-81.

3

In response to the June 1997 BVA decision, the RO, on January 14, 1998, issued an SOC deciding that the appellant's December 16, 1993, Substantive Appeal as to the RO's December 4, 1992, denial of his DEA claim was not timely filed. R. at 412. The RO found that such an extension "should not have been granted . . . [and that b]ecause the appellant's request was only for an extension to respond to the [SOC], and [because] this request was received well within the time limits to submit a [S]ubstantive [A]ppeal, the VA letter dated 7-26-93 was merely notifying the veteran that he had more than thirty days left on his appeal period in which to respond to the [SOC], and submit a [S]ubstantive [A]ppeal". *Ibid*. The RO explained that it had "in essence" previously denied the appellant's July 1993 request for an extension of time to reply to the May 1993 SOC and that the RO letter sent to the appellant in July 1993 was meant to convey that information. *Ibid*. Addressing the second issue specified in the Board's June 1997 decision, the RO stated that the appellant's submission of the Substantive Appeal as to the denial of his DEA claim was untimely because it was filed on December 16, 1993, but was due to be filed on or before November 24, 1993. *Ibid*.

In the September 1999 BVA decision on appeal, the Board made findings of fact including, inter alia, the following: (1) In its December 4, 1992, letter, the RO had notified the appellant that his DEA claim was denied; (2) on May 14, 1993, the RO had issued an SOC to the appellant; (3) in a July 1993 letter, the appellant had requested a 30-day extension of time for filing a Substantive Appeal; (4) in July 1993, the RO, "in effect", had denied the appellant's request for an extension of time; and (5) the appellant's Substantive Appeal was not received within 60 days after the mailing of the May 14, 1993, SOC, or within one year after the mailing of the December 4, 1992, notification letter. R. at 6. Based on these facts, the Board concluded that the RO had acted properly when it denied the appellant's July 1993 extension-of-time request and that the appellant's Substantive Appeal as to the DEA claim was thus not timely filed. R. at 7. In its analysis, the Board acknowledged that, although the RO had denied the appellant's DEA claim in a November 24, 1992, decision, the appellant had not been notified of that decision until a notice was mailed on December 4, 1992, and that the latter date was the proper date to use in determining the timeliness of the appellant's Substantive Appeal. R. at 11. The Board then reasoned that, because the granting of an extension of time to file a Substantive Appeal "lies largely within the discretion of the body

4

to which the decision is committed" and because the proffered basis for this request for an extension of time (the death of the appellant's mother five months before the expiration of time to file a Substantive Appeal) does not demonstrate a need for granting the requested 30-day extension of time, the RO had not acted erroneously in denying the requested extension. R. at 13. Finally, the Board concluded that the appellant's Substantive Appeal (date stamped by the RO on December 16, 1992) – even if statutorily presumed to have been postmarked and received on December 10, 1993, *see* 38 C.F.R. § 20.305 (a), (b) (2001) (computation of time for filing) – was still untimely because it was received after December 4, 1993. R. at 14-15.

## II. Analysis

### *A. Statutory and Regulatory Authorities*

Section 7105(d)(3) of title 38, U.S. Code, provides in pertinent part:

> The claimant will be afforded a period of sixty days from the date the statement of the case is mailed to file the formal appeal. This may be extended for a reasonable period on request for good cause shown. . . . The agency of original jurisdiction may close the case for failure to respond after receipt of the statement of the case, but questions as to timeliness or adequacy of response shall be determined by the Board of Veterans' Appeals.

38 U.S.C. § 7105(d)(3). Section 20.302(b) of title 38, Code of Federal Regulations, provides:

> (b) *Substantive Appeal*. Except in the case of simultaneously contested claims, a Substantive Appeal must be filed within 60 days from the date that the agency of original jurisdiction mails the Statement of the Case to the appellant, or within the remainder of the 1-year period from the date of mailing of the notification of the determination being appealed, whichever period ends later. The date of mailing of the Statement of the Case will be presumed to be the same as the date of the Statement of the Case and the date of mailing the letter of notification of the determination will be presumed to be the same as the date of that letter for purposes of determining whether an appeal has been timely filed.

38 C.F.R. § 20.302(b) (2001). Regulatory § 19.34 provides:

> Whether a Notice of Disagreement or Substantive Appeal has been filed on time is an appealable issue. If the claimant or his or her representative protests an adverse determination made by the agency

> of original jurisdiction with respect to timely filing of the Notice of
> Disagreement or Substantive Appeal, the claimant will be furnished
> a Statement of the Case.

38 C.F.R. § 19.34 (2001). Regulatory § 20.303 provides in pertinent part:

> An extension of the 60-day period for filing a Substantive Appeal . . .
> may be granted for good cause. A request for such an extension must
> be in writing and must be made prior to expiration of the time limit
> for filing the Substantive Appeal. . . . A denial of a request for
> extension may be appealed to the Board.

38 C.F.R. § 20.303 (2001).

Although there is no statutory or regulatory provision that specifically applies to the extension of the one-year period (from the date of mailing of the notification of the adverse RO determination being appealed) for filing a Substantive Appeal (as opposed to the 60-day period that runs from the date of the mailing of the SOC), there is a general regulatory provision for granting extensions of time, which provides, inter alia:

> (b) *Extension of time limit*. Time limits within which claimants
> or beneficiaries are required to act to perfect a claim or challenge an
> adverse VA decision may be extended for good cause shown. . . .
> Denials of time limit extensions are separately appealable issues.

38 C.F.R. § 3.109(b) (2001).

### B. Substantive-Appeal Filing Period for DEA Claim

Absent an extension of time, there is no dispute that the appellant's December 16, 1993, Substantive Appeal as to the RO's denial of his DEA claim was untimely – that is, it was filed more than one year after December 4, 1992, the date of the RO's mailing to him of notification of the adverse RO decision on that claim. *See* 38 C.F.R. § 20.302(b). Despite the RO's erroneous statement in its January 1998 SOC, after remand by the Board, that the appellant's Substantive Appeal was due on November 24, 1993 (R. at 412), *see* Secretary's Brief (Br.) at 3 n.1 (conceding RO's error), the appellant and the Secretary are in agreement regarding the dates by which that Substantive Appeal was due to be filed and when it was actually filed. In fact, in his initial appeal to the BVA in March 1995, the appellant conceded that his appeal as to the denial of his DEA claim was untimely filed. R. at 334 (appeal filed "some 12-days late").

### C. Denial of Request for Extension of Filing Period

The question whether the BVA erred in finding proper the RO's denial of the appellant's July 1993 extension-of-time request (R. at 16) raises two subissues. First is the Secretary's contention that "there is no provision in the law allowing for extension of the [one]-year period after the notice of denial [by an RO] is mailed" and that, therefore, "it was not an abuse of discretion for the RO to deny [the a]ppellant's request" for an extension that "the applicable statutes or regulations do not contemplate". Br. at 11.

The Secretary is correct that statutory section 7105(d)(3) does *expressly* provide for the Secretary to extend the period for filing a Substantive Appeal only as to the 60-day post-SOC period, and his regulation at § 20.303 appears to impose a time limit for extension motions only as to motions to extend the 60-day post-SOC period (the phrase "[a] request for such an extension" in the second sentence of § 20.303 refers back specifically to the preceding sentence's reference to "[a]n extension of the 60-day period for filing a Substantive Appeal"). However, regulatory § 20.302(b) expands upon the 60-day Substantive-Appeal filing period by providing the appellant with the remainder of the one-year period, after the date of mailing of an adverse RO determination, in which to file a Substantive Appeal if that one-year period extends beyond the 60-day period. 38 C.F.R. § 20.302(b). The 60-day post-SOC period is inapplicable here because the appellant's deadline to file his Substantive Appeal as to the denial of his DEA claim was December 4, 1993, the date one year after the date of the RO's notice of its denial of that claim. His deadline was thus not July 13, 1993, the date 60 days after the issuance of the May 14, 1993, SOC. Hence, whatever may be the merit or lack thereof of the appellant's extension-of-time request in this case, that request was not untimely filed.

The § 20.302(b) regulatory provision of an alternate Substantive-Appeal filing period derives from the NOD one-year filing period provided in 38 U.S.C. § 7105(b). *See Rowell v. Principi*, 4 Vet.App. 9, 17 (1993); *see also* 38 U.S.C. § 501(a)(1) (providing Secretary with authority to prescribe "regulations which are necessary or appropriate to carry out the laws administered by [VA] and are consistent with those laws, including . . . regulations with respect to . . . the method of taking and furnishing [proof and evidence]"). As to that alternate NOD filing period, section 7105(c) expressly authorizes the Secretary to provide by regulation for exceptions, and, as discussed further

below, the Secretary has provided in § 3.109(b) for the granting of such an exception to the one-year NOD filing period by way of a time extension "for good cause shown". *See* 38 U.S.C. § 7105(c) (providing that Secretary may provide for exceptions by regulations not inconsistent with title 38, U.S. Code); *Rowell*, 4 Vet.App. at 14-15 (holding § 3.109(b) applicable to NOD filing period).

In light of this analysis, it is troublesome that in this case the Secretary, when addressing the question of a request to extend the period of time for filing a Substantive Appeal, makes no reference to § 3.109(b)'s provision for "good cause" extensions of "[t]ime limits . . . for challeng[ing] an adverse VA decision", particularly given that § 3.109(b) is facially applicable to a request for an extension of time to challenge an adverse RO decision by filing a Substantive Appeal. *See* 38 C.F.R. § 20.202 (2001) (providing that "[p]roper completion and filing of a Substantive Appeal are the last actions the appellant needs to take to perfect an appeal"); *see generally Roy v. Brown*, 5 Vet.App. 554, 559 (Steinberg, J., dissenting). As noted above, assuming that the Secretary's regulatory establishment of the alternate one-year Substantive-Appeal filing period is within his regulation-writing authority (and no challenge to that regulation is presented here), *see* 38 U.S.C. § 501(a)(1), and to the extent that the Secretary has allowed, through § 3.109(b), for the extension of the one-year period for filing a Substantive Appeal, such an extension may be granted only for "good cause shown". 38 C.F.R. § 3.109(b).

Thus, the second subissue concerns the applicable standard of review for determining "good cause" under § 3.109(b). Before we address that issue, however, there are two preliminary matters to consider.

### 1. *Argument Regarding Consolidation of DEA Claim with DIC Claim*

The appellant has argued that he had obtained an extension of time to file a Substantive Appeal to the denial of his DEA claim when he filed his January 12, 1993, NOD that sought to consolidate his DEA and DIC claims to make them "all one claim". R. at 117. However, in the appellant's July 8, 1993, request for a 30-day extension to reply to the SOC, he made no mention of this idea of claim consolidation. *See* R. at 137. When the RO denied his request for a 30-day extension to reply to the SOC, it again did not refer to or acknowledge his purported consolidation of his claims. *See* R. at 140. The only other mention of consolidating the claims was made in his December 16, 1993, Substantive Appeal: "I am turning in my appeal today Dec[.] 16, 1993[,]

8

because it's been hard and on 1/12/93 I amended my DIC & Educational claim together." R. at 159. It is clear from the foregoing analysis that the RO never advised him that the claims were consolidated or made any statement that reasonably could have been construed that way. Moreover, in its July 26, 1993, letter, the RO stated that it was responding to his 30-day extension request and it did, without doubt, deny that request by treating the two claims as separate and distinct and giving separate deadlines for filing Substantive Appeals in response to the SOCs that had denied each claim separately. R. at 140.

## 2. Fair-Process Considerations

Notwithstanding the foregoing discussion, however, the RO's denial of an extension of time to file the appellant's Substantive Appeal was an appealable issue under law and regulation. *See* 38 U.S.C. § 7105(d)(3) (providing that "questions as to timeliness . . . of response [to SOC] shall be determined by [BVA]"); 38 C.F.R. §§ 19.34 (providing that whether Substantive Appeal has been filed on time is an appealable issue), 20.101(c) (providing that "[a]ll claimants have the right to appeal [to BVA] a determination . . . by [RO] . . . that the Board does not have jurisdictional authority[,] . . . includ[ing] questions relating to the timely filing of . . . the Substantive Appeal"), *amended by* 66 Fed. Reg. 53,339-40 (Oct. 22, 2001), 20.303 (providing that "denial of a request for extension may be appealed to the Board") (2001). Therefore, the appellant was entitled to notice of his appellate rights accompanying the notice of that adverse decision, *see* 38 U.S.C. § 5104(a) (providing that notice of decision "affecting the provision of [VA] benefits . . . shall include an explanation of the procedure for obtaining review of the decision"); 38 C.F.R. § 19.30(b) (2001). The Board in its June 30, 1997, decision regarding the DIC claim clearly recognized the inadequacy of the process that the RO had afforded to the appellant; the Board stated the following:

> In July 1993, the appellant, through his representative, submitted a request for a 30[-]day extension to reply to the [SOC]. The RO replied in July 1993 with a letter stating that [it] had received the appellant's request for a 30[-]day extension. Without allowing or denying the request, the RO informed the appellant of the original time limit for filing his appeals, about four-and-one-half months later. The appellant's Substantive Appeal was received at the RO on December 16, 1993, twelve days after the one[-]year anniversary of the notice of denial of the claim regarding [c]hapter 35 benefits. In February 1994, the appellant presented testimony at a personal

9

hearing before RO personnel. One of the issues on which the appellant presented argument was entitlement to education benefits pursuant to [c]hapter 35, United States Code. In a December 1994 decision, the Hearing Officer determined that he did not have jurisdiction over the claim for entitlement to [c]hapter 35 education benefits as the appellant had not submitted a timely Substantive Appeal on the issue. The appellant was notified of that decision in a[n SSOC], dated February 1995. The [SSOC] provided no laws and regulations regarding timeliness of appeals, nor did it reflect consideration of the fact that no action had been taken on the appellant's request for an extension for filing his Substantive Appeal. In a letter accompanying the [SSOC], the RO informed the appellant that if he wanted the issue of timeliness of the Substantive Appeal to be adjudicated by the Board, all he had to do was write a letter stating that he disagreed with the determination. It was stated that the issue would then be before the Board. The appellant responded in March 1995, arguing that he had requested a 30[-]day extension for filing his Substantive Appeal, assuming that he would be given a total of one year and thirty days if the extension was granted. As the [SSOC] merely informed the appellant that his appeal on the [c]hapter 35 issues had not been timely perfected, without providing pertinent laws and regulations, and without discussing the intertwined issue of whether an extension should have been granted for Filing the Substantive Appeal, the Board construes it to be a notice of denial. Thus, the appellant's March 1995 statement was a[n NOD] with that finding. The RO is requested therefore to provide the appellant with a[n SOC] on the issues of (1) whether the July 1993 request for an extension for filing a Substantive Appeal should have been granted, and (2) whether the December 1993 Substantive Appeal was timely filed as to the claim for entitlement to benefits pursuant to 38 U.S.C. [c]hapter 35.

R. at 376-77.

Thereafter, the RO, by its January 14, 1998, letter, complied fully with the Board's request. By providing the appellant with the four-page SOC on the denial of the 30-day extension of time to file his Substantive Appeal and a full statement of his right to appeal that determination to the Board (R. at 407), which he thereafter did in a timely fashion (R. at 423 (April 7, 1998, Substantive Appeal)), the Board cured the procedural defect in the case by presenting the appellant with a full opportunity to contest the RO's denial of an extension of time and in finding that his Substantive Appeal as to the denial of his DEA claim was not timely. Because we are satisfied that there is no

10

procedural defect associated with this matter any longer, we proceed to a review of the merits of the BVA decision on appeal

### 3. BVA's Exercise of Discretion as to Request for Extension of Time

We now address whether the Board abused its discretion in concluding that the RO's denial of an extension of time beyond December 4, 1993, was proper. The Court has held that there is no "legal entitlement" to a "good cause" extension under § 3.109(b) and that a "good cause" determination is a "decision committed to the sole discretion of the Secretary". *Corry v. Derwinski*, 3 Vet.App. 231, 235 (1992). This standard is highly deferential and has been equated to the abuse-of-discretion standard. *See Tulingan v. Brown*, 9 Vet.App. 484, 489 (1996) (Farley, J., concurring) (stating that 38 U.S.C. § 7261(a)(3)(A) authorizes Court to overturn decisions committed to the Secretary's discretion that are found to be an abuse of discretion). In this case, the basis for the appellant's request in July 1993 for a 30-day extension of time to file a Substantive Appeal – that is, the death of his mother five months before the expiration of the time available to him to file his Substantive Appeal – does not, on its face, logically justify or support the request. Moreover, the appellant did not provide, in conjunction with the proffered basis at the time that he requested an extension, an explanation or specific reasons supporting a basis for the requested extension; all he said was that his "mother [had] died recently". R. at 137. Five months later, on December 16, 1993, he described that loss and stated that "it was all I could do to try to finish my appeal on time." R. at 334. Accordingly, given the highly deferential standard of review for good-cause determinations, *see Corry* and *Tulingan,* both *supra*, the Court cannot conclude that the Board erred in finding that the RO acted properly in denying the appellant's request for an extension of time to file his Substantive Appeal.

### III. Conclusion

Upon consideration of the foregoing analysis, the record on appeal, and the parties' pleadings, the Court holds that the appellant has not demonstrated that the BVA committed error – in its findings of fact, conclusions of law, compliance with procedural requirements, articulation of reasons or bases, or consideration of the benefit-of-the-doubt rule – that would warrant reversal or

remand under 38 U.S.C. §§ 1310, 5107(b), 7104(a) or (d)(1), 7105(c) or (d)(3), or 7261, or 38 C.F.R. §§ 3.109(b), 19.34, 20.302(b), or 20.303.  Therefore, the Court affirms the September 28, 1999, BVA decision.

AFFIRMED.