# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-1037

RAFAEL A. GOMEZ, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued October 29, 2002               Decided  December 5, 2003 )

*Ronald L. Smith*, of Washington, D.C., for the appellant.

*Glenn R. Bergmann*, with whom *John H. Thompson*, Acting General Counsel; *Ron Garvin*, Assistant General Counsel; *Michael A. Leonard*, Deputy Assistant General Counsel; and *Robert C. Cain, II*, were on the brief, all of Washington, D.C., for the appellee.

Before KRAMER, *Chief Judge*, and IVERS and STEINBERG, *Judges*.

KRAMER, *Chief Judge*, filed the opinion of the Court.  STEINBERG, *Judge*, filed a concurring opinion.

KRAMER, *Chief Judge*:  The appellant, through counsel, appeals a March 31, 2000, Board of Veterans' Appeals (Board or BVA) decision that dismissed his appeal to the Board from a VA regional office (RO) decision that denied several disability compensation claims.  Record (R.) at 3, 5.  The Board predicated that dismissal on the ground that the BVA lacked jurisdiction over the appeal because the appellant had not filed a properly completed Substantive Appeal to the Board within the statutory time period.  R. at 3-4.  The appellant and the Secretary have filed briefs, and the appellant has filed a reply brief.  This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a).  For the reasons that follow, the Court will reverse the Board decision and remand the matter.

## I. Background

The appellant served on active duty from October 1971 to April 1975. R. at 8. In a January 20, 1996, decision, the RO denied the appellant's claims for service connection for a back disorder, a neck disorder, obesity, and a right-shoulder condition and awarded service connection for a left-ankle fracture and assigned a 10% disability rating, effective November 13, 1995. R. at 26-28. The appellant, in May 1996, filed through his representative a Notice of Disagreement (NOD) as to the RO's denial of his back, neck, and right-shoulder service-connection claims and assignment of only a 10% disability rating for his left-ankle fracture. R. at 30. Subsequently, the RO granted service connection for the appellant's right-shoulder condition and assigned a 10% disability rating, effective November 13, 1995. R. at 54 (rating decision codesheet dated September 4, 1996). On September 17, 1996, the RO issued to the appellant a Statement of the Case (SOC) as to service connection for both his back and neck conditions and increased ratings for both his service-connected-right-shoulder condition and service-connected-left-ankle fracture. R. at 46-54. In the SOC cover letter, the RO stated that it had "enclosed VA Form 9, Appeal to the Board of Veterans' Appeals [(Form 9)], which you may use to complete your appeal." R. at 46.

In October 1996, the appellant filed a Form 9 in which he provided his name, claim-file number, and address; checked the "NO" box that specified that "[*i*]*f you checked 'NO' your appeal will be reviewed on all the evidence now of record*"; and signed and dated the form. R. at 56 (handwritten notation reflecting "copy to BVA 10/9/96"). On October 30, 1997, the appellant, through his representative, filed a statement in which he specified that service connection for his back and neck conditions and increased ratings for his right-shoulder and left-ankle conditions were the issues on appeal. R. at 58-60. The statement included arguments that his appeal warranted allowance under 38 C.F.R. §§ 3.102, 3.303, 3.304, 4.7, 4.40, and 4.59 and that the evidence in his case was at least in equipoise. R. at 59. Subsequently, on February 24, 1998, the appellant, through his representative, submitted additional evidence and requested that that evidence be considered regarding his back-condition claim. R. at 62-64. In an October 29, 1999, statement filed through his representative, the appellant identified the issues on appeal as service connection for his back and neck conditions and increased disability ratings for his right-shoulder and left-ankle conditions. R. at 67-68. He also essentially argued that the Board could not rely on its own medical conclusions

2

regarding whether his symptoms supported a particular diagnosis for either his back or neck condition or whether those symptoms were "acute and transitory," but rather the BVA needed supporting medical evidence for any such conclusions. R. at 68. The appellant further argued that the Board could not "selectively rely on those parts of a doctor's statement [that] support its conclusions." *Id*.

The RO, on November 26, 1999, notified the appellant that his appeal was being placed on the BVA docket. R. at 70-71. On December 3, 1999, the appellant filed through his representative an "[i]nformal [h]earing [p]resentation" as to his four claims. R. at 73-75. In a January 10, 2000, letter, the Board notified the appellant that a timely Substantive Appeal as to his four claims might not have been filed and that he had 60 days to present written argument, to present additional evidence relevant to the Board's jurisdiction, or to request a hearing to present oral argument on the question of the timeliness and adequacy of the appeal. R. at 77-78.

In the March 31, 2000, decision on appeal, the Board characterized the claims as service-connection claims for a back disorder, a neck disorder, and a right-shoulder disorder and a claim for an increased rating for a left-ankle fracture. R. at 1. The Board implicitly determined that the appellant *had timely filed a Form 9 but* then concluded that, because *that Form 9 did not include any allegation of error*, it was not properly completed as required by 38 C.F.R. § 20.202. R. at 4. Citing 38 U.S.C. § 7105(d)(5), the Board stated that it may dismiss an appeal where, in a Substantive Appeal, an appellant fails to allege specific error of fact or law. *Id*. The Board next noted that, although the appellant had filed *additional statements that "might be construed as a Substantive Appeal of these issues*," those statements *were filed well after the time period* (apparently 60 days based on the BVA's citations) for filing a Substantive Appeal had expired. R. at 4 (citing, inter alia, 38 C.F.R. §§ 20.302(c), 20.305) (emphasis added). The Board concluded that the appellant was "*statutorily barred* from appealing the January 1996 [RO] decision" and that, therefore, the *Board did "not have jurisdiction* to consider an appeal from [that RO] decision" (citing 38 C.F.R. § 20.200 and *Roy v. Brown*, 5 Vet.App. 554, 556 (1993)). R. at 3, 4 (emphasis added). The BVA then dismissed the appeal. R. at 5.

The appellant appealed to this Court, and oral argument before the instant panel was heard on October 29, 2002. At that oral argument, the Court requested that the Secretary, in consultation

with the appellant, file a copy of the Form 9 instructions that were provided to the appellant in this case and copies of any subsequent versions of Form 9 and related instructions. On November 12, 2002, the Secretary filed a response that included a copy of the instructions that accompanied the January 1992 edition of the Form 9 that the RO had sent to the appellant with the September 17, 1996, SOC. Response Exhibit (Resp. Ex.) 1. The Secretary also included a copy of a January 1998 edition of Form 9 with instructions; the 1998 edition of Form 9, as contrasted with the 1992 edition that was sent to and subsequently filed by the appellant, does not include the "NO" box that specified that "[*i*]*f you checked 'NO' your appeal will be reviewed on all the evidence now of record*." Resp. Ex. 2; *see* R. at 56 (appellant's October 1996 Form 9).

## II. Analysis

The statutory provision that sets out the elements of an appeal to the Board provides:

> (3) Copies of the "[SOC]" prescribed in paragraph (1) of this subsection will be submitted to the claimant and to the claimant's representative, if there is one. The claimant will be afforded a period of sixty days from the date the [SOC] is mailed to file the formal appeal. This may be extended for a reasonable period on request for good cause shown. The appeal *should* set out specific allegations of error of fact or law, such allegations related to specific items in the [SOC]. The benefits sought on appeal *must* be clearly identified. The agency of original jurisdiction may close the case for failure to respond after receipt of the [SOC], but questions as to timeliness or adequacy of response shall be determined by the Board . . . .

38 U.S.C. § 7105(d)(3) (emphasis added). That provision further provides that "[t]he Board . . . *may dismiss any appeal which fails to allege specific error of fact or law* in the determination being appealed." 38 U.S.C. § 7105(d)(5) (emphasis added).

In his regulations, the Secretary has provided:

> A Substantive Appeal consists of a properly completed . . . Form 9, "Appeal to Board of Veterans' Appeals," or correspondence containing the necessary information. If the [SOC] and any prior Supplemental [SOCs (SSOC)] addressed several issues, the Substantive Appeal must either indicate that the appeal is being perfected as to all of those issues or must specifically identify the issues appealed. The Substantive Appeal *should* set out specific arguments relating to errors of fact or law made by the agency of

4

original jurisdiction in reaching the determination, or determinations, being appealed. To the extent feasible, the argument *should* be related to specific items in the [SOC] and any prior [SSOCs]. The Board will construe such arguments in a liberal manner for purposes of determining whether they raise issues on appeal, but the Board *may dismiss any appeal which fails to allege specific error of fact or law* in the determination, or determinations, being appealed. The Board will not presume that an appellant agrees with any statement of fact contained in a[n SOC] or a[n SSOC] which is not specifically contested. Proper completion and filing of a Substantive Appeal are the last actions the appellant needs to take to perfect an appeal.

38 C.F.R. § 20.202 (2003) (emphasis added).

"The starting point in interpreting a statute is its language." *Good Samaritan Hosp. v. Shalala*, 508 U.S. 402, 409 (1993). When this Court reviews de novo the Secretary's interpretation of a statute, the first question is always "whether Congress has directly spoken to the precise question at issue." *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984); *see* 38 U.S.C. § 7261(a)(1) (scope of review); *Trilles v. West*, 13 Vet.App. 314, 321 (2000) (en banc). "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron*, 467 U.S. at 842-43.

With respect to the Board's determination that it was required to dismiss (i.e., that it lacked jurisdiction over) the appellant's appeal because he had failed to allege that specific error of fact or law was contained in the January 1996 RO decision within the Substantive-Appeal-filing period following the issuance of the September 1996 SOC, the Court concludes that the Board erred. In this regard, under the plain language of the statute, the section 7105(d)(5) penalty is expressly permissive, i.e., "may dismiss." 38 U.S.C. § 7105(d)(5). Further, the Secretary, in accordance with *Chevron*, *supra*, has implemented that plain language in his regulation. *See* 38 C.F.R. § 20.202. The Court thus holds that the Board's use of a jurisdictional, i.e., nondiscretionary, analysis was not appropriate. *See* R. at 4 (Board concluded that, absent timely Substantive Appeal, appellant was statutorily barred from appealing to Board); 38 U.S.C. § 7104(c) (Board bound by VA regulations); 38 C.F.R. § 20.101(a) (2003) (same); *see also Myers v. Principi*, 16 Vet.App. 228, 234 (2002) (noting that, although "plain meaning [of 38 U.S.C. § 4005(e) (now section 7105(d)(5))] strongly suggests that a discretionary authority is granted, the Court need not reach that issue"). *See generally*

5

*Malone v. Gober*, 10 Vet.App. 539, 544 (1997) (discussing care that Secretary "may" provide, as opposed to "shall" provide, as being left to his discretion); *Willis v. Brown*, 6 Vet.App. 433, 435 (1994) (use of word "may" in statute makes action discretionary).

To the extent that the Board may have had discretion under section 7105(d)(5) to dismiss the appellant's appeal, any such discretion, under the plain language of the statute, would not arise until after the Board determined that the appellant had "fail[ed] to allege specific error of fact or law in the [January 1996 RO decision]." 38 U.S.C. § 7105(d)(5); *see Meakin v. West*, 11 Vet.App. 183, 185-86 (1998). The Court thus concludes that, in this case, because the appellant was not required to make any such allegations, he did not "fail[] to allege" and, therefore, the Board did not possess any such discretion to dismiss the appellant's appeal. In this regard, VA utilized a Form 9 that specifically indicated that, "[i]f [the appellant] checked [the] 'NO' [box, his] appeal w[ould] be *reviewed* on all the evidence [then] of record," i.e., the appellant did not need to take any further action (after checking the "NO" box) in order to obtain a Board decision on his appeal. R. at 56 (emphasis added). Further, the appellant, within the statutory time period (as implicitly conceded by the BVA (*see* R. at 4)), checked that "NO" box and submitted the VA-provided form to the RO, which apparently immediately forwarded a copy of the Form 9 to the BVA. *See id.* In addition, the Board acknowledged (*see* R. at 4) that the appellant subsequently presented, in statements submitted by his representative "in [his a]ppealed [c]ase" (R. at 58-59, 67-68), arguments as to errors of fact or law in the January 1996 RO decision. *See EF v. Derwinski*, 1 Vet.App. 324, 326 (1991) (Board has duty to review all "issues raised in all documents . . . submitted prior to the BVA decision"). It appears, therefore, that it was VA's own words, i.e., the language of the "NO" box on the Form 9, that may have led the appellant not to present those arguments at an earlier time. *Cf. Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (stating, as to statutory filing deadlines, that tolling of such deadlines may be available "where the claimant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass"); *Bailey v. West*, 160 F.3d 1360, 1361, 1365 (Fed. Cir. 1998) (en banc) (applying tolling in veterans benefits context where RO employee accepted appellant's signed form to appeal Board decision and apparently told him that, inter alia, "she would take care of [his appeal]"). *But cf. Cummings v. West*, 136 F.3d 1468, 1472-74 (Fed. Cir. 1998) (holding that language utilized in Appeals Notice accompanying Board decision satisfactorily

explained how and when to pursue BVA reconsideration and to appeal to this Court; also recognizing that portion of such notice might be confusing). Such language is particularly significant because the VA claims-adjudication process is a nonadversarial, proclaimant system in which claimants often lack representation. *See EF*, *supra*.

Given these circumstances, the Court holds that VA waived any additional pleading requirements on the part of the appellant. *See Beyrle v. Brown*, 9 Vet.App. 24, 28 (1996) (Court concluded that Board had waived filing of Form 9 where, although there was no evidence of record that appellant had filed Form 9, BVA had proceeded to adjudicate appellant's claims on merits). Based on this record, a determination to the contrary would raise serious fair process issues. *See Austin v. Brown*, 6 Vet.App. 547, 551-52 (1994); *Thurber v. Brown*, 5 Vet.App. 119, 123 (1993). However, given the Court's holdings in this case, we need not address any such issues.

Hence, the Court holds that the appellant timely filed a Substantive Appeal as to the January 1996 RO decision and that the Board, therefore, possessed jurisdiction over his appeal. Accordingly, the Court will reverse the Board determination to the contrary and, because the BVA lacked discretion to dismiss the appellant's appeal, will remand the appellant's claims for adjudication on the merits.

As to the requirement in section 7105(d) that an appellant identify the benefits sought, the Court notes that it generally would remand such a case to the Board for the BVA to address that requirement in the first instance. However, in this case, we need not do so because, as explained above, the Form 9 that the appellant timely filed specified that he did not have to do anything further to obtain a Board decision in his appeal, as long as he checked the "NO" box, which he did. *See* R. at 56. In this regard, the Court notes that that "NO" box no longer appears to be a part of Form 9. *Compare* R. at 56 (appellant's October 1996 Form 9 (Jan. 1992 edition)), *with* Resp. Ex. 2 (Jan. 1998 edition of Form 9).

### III.  Conclusion

Based upon the foregoing analysis, the record on appeal, the parties' pleadings, and oral argument, the March 31, 2000, Board decision is REVERSED and the matter is REMANDED for proceedings consistent with this opinion. On remand, the appellant is free to submit additional

7

evidence and argument in accordance with *Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order). *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002) (stating, in case where Court remanded claim and declined to address appellant's additional arguments as to BVA error, that, on remand, appellant is free to raise such arguments to Board and Board must address those arguments). The Board shall proceed expeditiously, in accordance with section 302 of the Veterans' Benefits Improvements Act of 1994, Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" of claims remanded by Board or Court).

STEINBERG, *Judge*, concurring: Although I join in the Court's opinion, I write separately to address the "should/must" dichotomy in 38 U.S.C. § 7105(d)(3) and the language in section 7105(d)(3) and (d)(5) regarding the submission by a claimant of specific allegations of error of fact or law. These were the principal issues on which the October 29, 2002, oral argument focused.

## I. Requirements for Filing Appeal to the Board of Veterans' Appeals

Section 7105(d)(3) provides in pertinent part:

> The claimant will be afforded a period of sixty days from the date the [S]tatement of the [C]ase [(SOC)] is mailed to file the *formal appeal*. This may be extended for a reasonable period on request for good cause shown. The *appeal should* set out specific allegations of error of fact or law, such allegations related to specific items in the [SOC]. The benefits sought on *appeal must* be clearly identified.

38 U.S.C. § 7105(d)(3) (emphasis added). Section 7105(d)(5) provides: "The Board of Veterans' Appeals [(Board or BVA)] *may dismiss any appeal* which fails to allege specific error of fact or law in the determination being appealed." 38 U.S.C. § 7105(d)(5) (emphasis added). VA regulation § 20.202 contains provisions derived from section 7105(d)(3) and (5) as follows:

> If the [SOC] and any prior Supplemental [SOCs] addressed several issues, the Substantive Appeal *must* either indicate that the appeal is being perfected as to all of those issues or *must* specifically identify the issues appealed. The Substantive Appeal *should* set out specific arguments relating to errors of fact or law made by the agency of original jurisdiction [(AOJ)] in reaching the

8

> determination, or determinations, being appealed. . . . [T]he Board *may* dismiss any appeal which fails to allege specific error of fact or law in the determination, or determinations, being appealed.

38 C.F.R. § 20.202 (2003) (emphasis added).

### A. Interpreting the Statute

"'The starting point in interpreting a statute is its language.'" *Lee (Raymond) v. West*, 13 Vet.App. 388, 394 (2000) (quoting *Good Samaritan Hosp. v. Shalala*, 508 U.S. 402, 409 (1993)). As this Court explained in *Lee*:

> The "plain meaning [of a statute] must be given effect unless a 'literal application of [the] statute [or regulation] will produce a result demonstrably at odds with the intention of its drafters.'" *Gardner v. Derwinski*, 1 Vet.App. 584, 586-87 (1991), *aff'd sub nom. Gardner v. Brown*, 5 F.3d 1456 (Fed. Cir. 1993), *aff'd [sub nom. Brown v. Gardner]*, 513 U.S. 115 . . . (1994); *Fagan[ v. West]*, 13 Vet.App. [48,] 52 [(1999)]; *Curtis[ v. West]*, 11 Vet.App. [129,] 133 [(1998)]. "If the intent of Congress is clear, that is the end of the matter". *Skinner v. Brown*, 27 F.3d 1571, 1572 (Fed. Cir. 1994) (quoting *Chevron, U.S.A., Inc. v. Natural Res[.] Def[.] Council, Inc.*, 467 U.S. 837, 842 . . . (1984)), *aff'ing* 4 Vet.App. 141 (1993) (mem.).

*Lee (Raymond)*, *supra*. Each "part or section of a statute should be construed in connection with every other part or section so as to produce a harmonious whole." *Meeks v. West*, 12 Vet.App. 352, 354 (1999) (internal quotation and citation omitted); *see also Cottle v. Principi*, 14 Vet.App. 329, 334 (2001); *Talley v. Derwinski*, 2 Vet.App. 282, 286 (1992). Also, as the U.S. Supreme Court stated in *United States v. Nordic Village*, "the settled rule [is] that a statute must, if possible, be construed in such fashion that every word has some operative effect." *Nordic Vill.*, 503 U.S. 30, 35 (1992); *see Colautti v. Franklin*, 439 U.S. 379, 392 (1979) (determining that it is an "elementary canon of construction that a statute should be interpreted so as not to render one part inoperative"). According to the Supreme Court, where Congress has by statute directly addressed an issue, the reviewing court "must give effect to the unambiguously expressed intent of Congress", *Chevron*, 467 U.S. at 842-43; *see also Barnhart v. Walton,* 535 U.S. 212, 217-18 (2002); *Cottle*, *supra*; however, where a statute involving veterans' benefits is ambiguous, "interpretive doubt is to be resolved in the veteran's favor", *Brown v. Gardner*, 513 U.S. at 118; *see also Allen (Alfred) v. Brown*,

7 Vet.App. 439, 448 (1995) (en banc) (applying interpretive-doubt principle from *Brown v. Gardner*, *supra*, and ruling in appellant's favor on question of statutory interpretation).

  *1. Timely Filing of Substantive Appeal:* It is clear from the plain language of section 7105(d)(3) that a claimant must file a document by the end of either (1) the 60-day period following the mailing of an SOC (60-day post-SOC filing period) or (2) according to Department of Veterans Affairs (VA) regulation § 20.302(b)(1), the one-year period following the date of the AOJ (here a VA regional office (RO)) decision being contested, which is the period during which a Notice of Disagreement (NOD) must be filed (NOD-filing period) under 38 U.S.C. § 7105(b)(1). 38 C.F.R. § 20.302(b)(1) (2003); *see Morgan (Douglas) v. Principi*, 16 Vet.App. 20, 24-25 (2002). I will refer to these two filing periods collectively as the "Substantive-Appeal-filing period". Although the Substantive Appeal in the present case was filed more than one year after the date of the January 1996 letter notifying the veteran about the January 1996 VARO decision and only the 60-day post-SOC filing period (and not the one-year NOD-filing period) is involved here, the analysis set forth below applies equally to the two filing periods.

  *2. Specific Allegations of Error of Fact or Law:* The "should/must" language in section 7105(d)(3) regarding specific allegations of error of fact or law does not, *by itself*, contain ambiguity; in light of the plain meaning of these two words, it is unreasonable to read "should" as meaning "must" when the next sentence includes the word "must". 38 U.S.C. § 7105(d)(3); *see Black's Law Dictionary* 1019 (6th ed. 1990) (defining "must" as "[it] is primarily of mandatory effect, . . . ; and in that sense is used in antithesis to 'may'"), *id.* at 1379 (defining "should" as "ordinarily implying duty or obligation; although usually no more than an obligation of propriety or expediency, or a moral obligation, thereby distinguishing it from 'ought'"); *Maggitt v. West*, 202 F.3d 1370, 1378 (Fed. Cir. 2000) (noting that "it is open to question whether application of an exhaustion requirement is consistent with the statutory purposes underlying the veterans['] benefits laws" and citing 38 U.S.C. § 7105(d)(3) for proposition that "veteran 'should,' not 'must,' set out specific allegations of error of fact or law in his [S]ubstantive [A]ppeal to the Board"). However, when read in conjunction with the "may dismiss" language of section 7105(d)(5) – as noted above, regulation § 20.202 combines these provisions from the statute – the meaning of "should" in section 7105(d)(3) becomes less clear. 38 U.S.C. §

7105(d)(3), (5); *see Nordic Vill.*, *Colautti*, *Cottle*, and *Meeks*, all *supra*. Section 7105(d)(5)'s "may dismiss" language may be read as suggesting that the "should" provision in section 7105(d)(3) is more mandatory than permissive.

The wording of section 7105(d)(3) and (d)(5) is similarly ambiguous as to the interpretation of the words "appeal" and "formal appeal". 38 U.S.C. § 7105(d)(3), (d)(5). It is unclear if a "formal appeal", which equates to the Substantive Appeal referred to in section 7105(a),[1] relates only to the filing of a VA Form 9 (or other document requiring BVA review) or to any document filed during the entire appeal process, including the NOD and later supplementation of a timely filed VA Form 9. Regulation § 20.202 refers only to a "Substantive Appeal". 38 C.F.R. § 20.202. In the instant case, the appellant argues that the "plain meaning" of the word "appeal" in the statute refers to the entire appeal process (Brief (Br.) at 9-10) and that the Board must review the entire record when determining whether an appellant has submitted specific allegations of error of fact or law (Br. at 11). The Secretary asserts that the appellant's VA Form 9 cannot be considered a timely Substantive Appeal because it did not contain specific allegations of error. Br. at 10.

In *Douglas v. Derwinski*, the en banc Court noted:

> [N]owhere do the statutory provisions relating to the claimant's filing a "formal appeal" in order to perfect an appeal to the BVA (initiated by the filing of a[n NOD] with a[n RO] decision, followed by a[n SOC issued] by a[n RO]) provide that only legal issues raised in the formal appeal, and evidence pertinent to those issues, must be considered by the Board.

*Douglas*, 2 Vet.App. 435, 439 (1992) (en banc). The Court in *Douglas* rejected the Secretary's argument that the Board is to review only the issues raised in the VA Form 9 or other Substantive Appeal documents and pointed out: "Nowhere does [§ 20.202] state that only the issues raised in the Form []9 appeal must be considered; nor does the regulation state that the BVA must consider only the evidence pertinent to the issues raised explicitly in the Form []9 appeal." *Ibid.* The Court

---

[1] Regulation § 20.302(b)(1) provides that it is the "Substantive Appeal [that] must be filed within 60 days from the date that the agency of original jurisdiction [(AOJ)] mails the Statement of the Case to the appellant, or within the remainder of the 1-year period from the date of mailing of the notification of the determination being appealed, whichever period ends later." 38 C.F.R. § 20.302(b)(1) (2003); *see Thompson (Charles) v. Brown*, 8 Vet.App. 169, 179 (1995) (stating that VA Form 9 is "also called the 'formal appeal' (38 U.S.C. § 7105(d)(3)) and the 'Substantive Appeal' (38 C.F.R. §§ 20.200, 20.202-20.204[)]").

emphasized the importance of implementing 38 U.S.C. § 7104(a)[2] in the spirit of the proclaimant, informal, and VA nonadversarial adjudication environment.[3]  *Ibid.*  Similarly, the Court in *EF v. Derwinski* also recognized that the Board must look at the entire record and not be limited by the content of a VA Form 9.  The Court held:

> In *Myers v. Derwinski*, 1 Vet.App. 127, 129 (1991), this Court stated that "it is the claimant's statements on the VA Form []9 which often frame[] the nature of the appeal to the BVA. . . . Therefore upon receipt of a VA Form []9, the BVA must review all issues which are reasonably raised from a liberal reading of the appellant's substantive appeal." However, there is nothing magical about the statements actually on the [VA Form 9], given the VA's non-adversarial process. The VA's statutory "duty to assist" ***must extend this liberal reading to include issues raised in all documents or oral testimony submitted prior to the BVA decision.***

*EF*, 1 Vet.App. 324, 326 (1991) (emphasis added).

The above cases clearly direct the Board to look beyond the contents of VA Form 9 (or other Substantive Appeal documents) to other claims-file documents submitted by a claimant – such as, here, the October 1997 Disabled American Veterans Statement of Accredited Representation filed for the appellant prior to the March 2000 BVA decision and setting forth the issues on appeal (Record at 58-59) – in order to determine the issues that the Board must address.  *See Douglas* and *EF*, both *supra*.  It is axiomatic that if the Board must consider all such documents in deciding an appeal, then any requirement that a claimant must allege specific error would be satisfied by the content of the Substantive Appeal as well as other documents filed during the entire appeal

---

[2] Section 7104(a) of title 38, U.S. Code, provides: "Decisions of the Board [of Veterans' Appeals (Board)] shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation". *Cf. Disabled Am. Veterans v. Sec'y of Veterans Affairs*, 327 F.3d 1339, 1347 (Fed. Cir. 2003) (construing 38 U.S.C. § 7104(a) broadly so as to preclude the Board from considering "additional evidence without having to remand the case to the AOJ for initial consideration and without having to obtain the appellant's waiver").

[3] *See Hodge v. West*, 115 F.3d 1356, 1362 (Fed. Cir. 1998) (stating that "[t]his court and the Supreme Court both have long recognized that the character of the veterans' benefits statutes is strongly and uniquely pro[]claimant" and describing "the historically non[]adversarial system of awarding benefits to veterans"); *Trilles v. West*, 13 Vet.App. 314, 326 (2000) (en banc) (describing "the VA pro[]claimant nonadversarial claims adjudication process"); *Littke v. Derwinski*, 1 Vet.App. 90, 91-92 (1990).

process up to the time of the Board decision.[4]  Because VA claimants are often unrepresented at the time that they file a VA Form 9 and may face great difficulties in preparing legal and factual analyses within the filing deadlines, permitting claimants who file a timely VA Form 9 to provide supplementation after the Substantive-Appeal-filing period would provide them with a greater opportunity to prepare legal and factual analyses with the assistance of an attorney or nonattorney practitioner.  Finally, there is nothing in section 7105(d)(3) or (d)(5) that prohibits supplementation outside of the Substantive-Appeal-filing period.  *See* 38 U.S.C. § 7105(d)(3), (d)(5).

For all of the above reasons, I conclude that if there is a specific-allegation-of-error requirement, then considerations of fair process[5] and the proclaimant veterans' benefits system[6] dictate that the Board must review for such specific allegations of error all of the documents, including a VA Form 9, submitted by the claimant up to the time of the Board decision.

*3. Dismissal of Appeal:*  I turn next to the question of the consequences for a claimant who fails to allege specific errors of fact or law.  Section 7105(d) and § 20.202 both provide that the Board "may dismiss" an appeal if a claimant fails to assert allegations of error.  38 U.S.C. § 7105(d); 38 C.F.R. § 20.202.  Given the ambiguity as to the meaning of the statutory administrative-process provisions of section 7105(d), the same fair-process considerations and proclaimant environment dictate that VA, as the regulator, give notice to the claimant of how the appeal process works.  *Cf.* 38 U.S.C. § 5104(a) (requiring that Secretary must provide notice to claimant and any representative thereof of decision on benefits claim and "an explanation of the procedure for obtaining review of the decision"); 38 C.F.R. § 3.103(a), (b)(1) (2003)

---

[4] *Cf. Scarborough v. Principi*, 536 U.S. 920 (2002) (granting petition for writ of certiorari and remanding in light of *Edelman, infra*), *vacating* 273 F.3d 1087, 1092 (Fed. Cir. 2001) (concluding, in attorney-fee context, that, after expiration of 30-day period for filing Equal Access to Justice Act (EAJA) application pursuant to 28 U.S.C. § 2412(d)(1)(B), appellant could not amend EAJA application to include statutorily-required allegation that Secretary's position was not substantially justified); *Edelman v. Lynchburg College*, 535 U.S. 106, 112-115 (2002) (holding that, where statute did not indicate whether discrimination charge must be verified "'under oath or affirmation'" when filed, statute was open to interpretation and sustaining agency's conclusion that verification could be filed after timely charge was submitted because that interpretation was reasonable).

[5] *See generally Austin v. Brown*, 6 Vet.App. 547, 551-52 (1994) (discussing "considerations of fair process"); *Thurber v. Brown*, 5 Vet.App. 119, 123 (1993) (noting "'underlying concepts of procedural regularity and basic fair play'") (quoting *Gonzales v. United States*, 348 U.S. 407, 411-12 (1955)).

[6] *See supra* note 3.

13

(providing for such notice). It is unclear from section 7105(d)(5) or § 20.202 under what circumstances, if any, the Secretary will exercise his discretion to dismiss an appeal. Moreover, a comparison of the 1992 VA Form 9 with the 1998 VA Form 9 and their respective instructions shows that certain language that was in the 1992 VA Form 9 was not contained in the 1998 VA Form 9 or its instructions. Specifically, the 1998 instructions do not contain the 1992 instructions' provision that stated: "Appeals which fail to allege specific error of fact or law in the determination being appealed may be dismissed by the BVA." This deletion thus removes notice to a VA claimant that the Secretary may dismiss his or her appeal if the "Appeal[] . . . fail[s]" to include those specific allegations.[7] Because it would run counter to fair-process considerations and the proclaimant nature of the VA adjudication system for the Secretary to exercise arbitrarily his discretion to dismiss, the Secretary must give claimants fair notice by informing them of the criteria to be used in determining whether to exercise the dismissal discretion set forth in section 7105(d)(5) and § 20.202.[8]

## II. Conclusion

Against this background, I find it inescapable that the ambiguity regarding the "should/must" and the "appeal/formal appeal" language and the specific-allegations-of-error content provision in section 7105(d)(3) and (d)(5) must be construed in favor of the claimant. 38 U.S.C. § 7105(d)(3), (d)(5); *see Brown v. Gardner, supra; Kilpatrick v. Principi,* 327 F.3d 1375, 1385 (Fed. Cir. 2003) (declining to defer to VA regulation "that applies the statutory language restrictively, but instead constru[ing] the statute as we believe Congress clearly intended" and citing *Brown v. Gardner, supra*). Accordingly, I conclude that if the "should/must" language in section 7105(d)(3) and § 20.202 is construed to require that a VA claimant make specific allegations of error of fact or law in an RO decision in order to appeal that decision to the Board, then the "appeal/formal appeal" language must be construed to permit a claimant who

---

[7] The 1992 VA Form 9 instruction, although significantly more helpful to a claimant than the silence in the 1998 instructions, does not specifically require that the allegations of error appear in the Substantive Appeal itself; moreover, the 1992 VA Form 9 is entitled "Appeal to Board of Veterans' Appeals" and not "Substantive Appeal" and thus adds to the confusion by perhaps implying that the allegations of error must be contained therein.

[8] *See supra* notes 3 and 4; *cf. supra* note 7, *infra* note 9.

14

filed a timely VA Form 9 to supplement that VA Form 9 later with specific allegations of error in any document filed before the Board makes its decision – here the BVA decision in March 2000 – and not be limited to making the allegations in the Substantive Appeal only. 38 U.S.C. § 7105(d)(3), (d)(5); 38 C.F.R. § 20.202; *see Douglas*, *EF*, and *Myers*, all *supra*. This conclusion is especially unavoidable where the Secretary has not in his regulations, *see, e.g.*, 38 C.F.R. §§ 20.202, 20.302(b), provided any notice to VA claimants as to the circumstances under which his section 7105(d)(5) discretion to dismiss an appeal that "fails to allege [such] specific errors" will be exercised. 38 U.S.C. § 7105(d)(5). Surely, Congress could not have intended to permit the Secretary to exercise such a dismissal authority in an arbitrary and capricious manner.[9]

---

[9] *Cf. Scott (Charles) v. Brown*, 7 Vet.App. 184, 189 (1994) (discussing Secretary's "'sole discretion'" under 38 C.F.R. § 3.109(b) (1993), which states that Notice-of-Disagreement-filing period "'may be extended for good cause shown'", and concluding that "[t]he exercise of such a discretionary [extension] authority as to which regulations have been prescribed is subject to review by this Court to determine whether the exercise of discretion was made 'in accordance with the regulatory guidance or whether the decision was made in an arbitrary or capricious manner'" under 38 U.S.C. § 7261(a)(3)(A)) (quoting *Smith (Barbara) v. Derwinski*, 1 Vet.App. 267, 279 (1991) (discussing Secretary's establishment of regulations prescribing criteria for exercising his discretion to determine whether "equity and good conscience" require waiver of collection of debts owed VA and reviewing waiver decision based on whether discretion was exercised in "arbitrary of capricious manner", pursuant to 38 U.S.C. § 7261(a)(3)(A))).